## Eljam Mason Supply, Inc. *v.* The Donnelly Brick Company

King, C. J., Murphy, Alcorn, Comley and Shannon, Js.

Argued January 6—decided March 10, 1965

*Jason E. Pearl,* with whom was *Israel Nair,* for the appellant (plaintiff).

*D. Stephen Gaffney,* with whom was *Bernard D. Gaffney,* for the appellee (defendant).

COMLEY, J. The only question presented by this appeal is the correctness of the trial court's ruling sustaining a plea in abatement to the complaint on the ground that the plaintiff, a New York corporation, could not maintain an action in the courts of this state since it had not obtained a certificate of authority to transact business here. General Statutes §§ 33-396, 33-412.

The court made a finding of the following facts: The defendant is a Connecticut corporation engaged in the manufacture of bricks. It was seeking a New York outlet for its product and solicited the plaintiff, which was engaged in the sale of builders and masons' supplies, to be its representative. After negotiations, the parties entered into a written contract, the final draft of which was prepared by the defendant's attorneys in Connecticut and executed by the parties in New York. It appointed the plaintiff to be the sole distributor of the defendant's product in New York, New Jersey and "lower Fairfield County", this last territory being included because the plaintiff desired a radius of fifty miles for its operations. All sales made by the plaintiff in "lower Fairfield County" were subject to the defendant's approval.

Although the contract, by its terms, was to continue for five years, the plaintiff claimed that the defendant repudiated it after seven months. During that period, the plaintiff placed all its orders with the defendant by telephone from New York. All deliveries with the exception of two, which were made to a job in Greenwich, were made either to the plaintiff's yard in New York or to job sites in New York

which were designated by the plaintiff. The two deliveries made in Greenwich were the result of sales negotiated by the plaintiff in New York. The defendant accepted and filled these orders in Connecticut. Payment for them was made by checks drawn on the plaintiff's account in the Chase Manhattan Bank in New York. No brick shipped by the defendant to the plaintiff in New York was ever reshipped into Connecticut. At no time did the plaintiff maintain an office, a bank account, a telephone, a telephone listing or a post office box in Connecticut. It had no salesmen in Connecticut, nor was it a member of any buying or selling organization operating in this state. During the seven months that the parties operated under the contract, the plaintiff made sales of the defendant's brick in the gross amount of $93,700. The price of the two deliveries of brick in Greenwich was $218.

Whether or not a foreign corporation is transacting business in this state under § 33-396 must be determined on the complete factual picture presented in each case. *Armor Bronze & Silver Co.* v. *Chittick,* 221 F. Sup. 505, 511 (D. Conn.). In the determination whether a foreign corporation is subject to the provision of our statutes requiring a certificate to transact business, the considerations are different from those involved in the determination whether a foreign corporation is subject to suit in our courts. See General Statutes §§ 33-397, 33-411. These statutes clearly indicate that although certain activities may not constitute doing business in this state, they would suffice to subject the foreign corporation to service of process.

In *Alfred M. Best Co.* v. *Goldstein,* 124 Conn. 597, 1 A.2d 140, it appeared that the plaintiff's representative solicited attorneys in this state for listings

in its legal directory. Twenty-nine of them contracted for such listings. The plaintiff had an office in Hartford. The plaintiff was listed in the telephone directory and received calls at its Hartford office. Contracts were approved within this state by the soliciting agent, although they were subject to final acceptance by the plaintiff at its home office in New York. We held upon this state of facts that the plaintiff was not transacting business within the state. Since the decision in that case, General Statutes § 33-397, defining situations which shall not constitute doing business in this state, has been enacted, but it does not lead us to a different result.

In this case, the plaintiff purchased brick from a Connecticut corporation under a contract made in New York. Deliveries of the brick were made by the defendant in New York except for two small quantities delivered in Connecticut. These Connecticut deliveries were made by the defendant and not by the plaintiff. All payments were made by the plaintiff through a New York bank. All orders were placed with the defendant by telephone from New York. Under these circumstances, we conclude that the plaintiff was not transacting business in Connecticut within the meaning of § 33-396. It was, therefore, not subject to the provision of § 33-412 requiring a certificate of authority to transact business as a prerequisite to the right to maintain an action in the courts of this state.

In view of this conclusion it is unnecessary to consider the other claims advanced by the plaintiff.

There is error, the judgment is set aside and the case is remanded with direction to overrule the plea in abatement.

In this opinion the other judges concurred.