[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On January 6, 1992, plaintiff Troy Lee filed this negligence action in one count against defendant Northeast Graphics, Inc. ("Northeast"). Plaintiff alleges that on December 21, 1989, he was injured while operating a machine leased by Northeast to plaintiff's employer, Connecticut Bindery Service, Inc. On April 20, 1992, the court, Gordon, J., granted Northeast's motion to implead Stacker Machine Company ("Stacker Machine") as a third-party defendant by service of summons and complaint. On June 4, 1992, Northeast filed a one count complaint against Stacker Machine alleging that Stacker Machine was negligent in its design, manufacture, and distribution of the subject machine. Northeast seeks common law indemnification, costs, expenses, and attorney's fees.
On November 24, 1992, Stacker Machine filed a motion to strike Northeast's third-party complaint and a supporting memorandum on the ground that the indemnification claim is legally insufficient.[1] On December 7, 1992, Northeast filed a memorandum in opposition to the motion to strike. On January 19, 1993, Stacker Machine filed a supplemental memorandum of law.
The motion to strike challenges the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). The motion to strike admits all facts well pleaded and those facts necessarily implied from the allegations. Id. The motion does not admit legal conclusions. Maloney v. Conroy, 208 Conn. 392, 394, 545 A.2d 1059 (1988).
In its memorandum of law in support of its motion to strike, Stacker Machine argues that it is legally and factually impossible to establish that the third-party defendant had "exclusive control of the situation" to the exclusion of the third-party plaintiff. Stacker Machine further argues that Northeast has failed to allege an independent legal relationship between Stacker Machine and Northeast. Stacker Machine concludes that an independent legal relationship does not exist.
In opposition to the motion, Northeast argues that it has sufficiently alleged an indemnification claim in that an independent legal relationship is only necessary in the context CT Page 3359 of a third-party seeking indemnification from an injured employee's employer.
General Statutes 52-102a permits a defendant to implead, "a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." General Statutes 52-102a(a). Indemnification is a claim for reimbursement in full from one on whom primary liability is claimed to rest. Krytatas v. Stop Shop, Inc., 205 Conn. 694,701, 535 A.2d 357 (1988). "[A] party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct." (Citation omitted.) Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74, 579 A.2d 26 (1991).
Indemnification is permitted in tort actions involving allegations of active or primary negligence of the party against whom reimbursement is sought. Id. To prove active or primary negligence the pleader must establish the following four elements:
 "(1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff, and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent."
(Citations omitted.) Id. In the case of Atkinson v. Berloni,23 Conn. App. 325, 327, 580 A.2d 84 (1990), the Appellate Court added a fifth element for an active negligence claim: An independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty. Atkinson, supra, 327. The Atkinson court cited several cases in support of this fifth element: Burkert, supra (holding that third-party defendant General Motors was not primarily negligent for failing to exercise control over its licensees in the production, marketing and distribution of Dextron II, a transmission fluid); Ferryman v. Groton, 212 Conn. 138, 561 A.2d 432 (1989) (citing Larson on CT Page 3360 Workmen's Compensation Law for the proposition that an employer may be jointly liable in tort to its employee, notwithstanding the exclusive-remedy clause of the Workers' Compensation Act, if the employer can be said to have breached an independent duty toward the third-party tortfeasor, or if there is a basis for finding an implied promise of indemnity); Farm Bureau Mutual Automobile Ins. Co. v. Kohn Bros. Tobacco Co., 141 Conn. 539,107 A.2d 406 (1954) (holding the employer of an injured employee liable to a third-party for indemnification based on their lessee-lessor relationship); Maccarone v. Hawley, 7 Conn. App. 19,507 A.2d 506 (1986) (holding that where an employee injured in the course of his employment brings an action against a third-party, any indemnity action by the third-party against the employer is barred by the Workers' Compensation Act unless, as here, the third party can establish an independent legal relationship between himself and the employer). Although none of these cases suggests that the fifth element should apply in all active or primary negligence cases, it is binding on the Superior Court absent its clarification or overruling by an Appellate Court. See Pondelek v. Heritage Rest, D.N. 05-50-72, Judicial District of Litchfield (May 14, 1992, Pickett, J.); Bascetta v. Droney, 5 CTLR 419, 420 (January 27, 1992, Schaller, J.) (holding that the Atkinson decision interprets Kaplan v. Merberg,152 Conn. 485, 287 A.2d 732 (1965), and is not in direct conflict with Kaplan and therefore is binding on the Superior Court). But, see Commercial Union Ins. v. New Haven, D.N. 24-37-17, Judicial District of New Haven (April 10, 1991, Dorsey, J.) (holding that the Atkinson case misstates the law of active/passive negligence).
Northeast alleges the following facts in its complaint against Stacker Machine:
 7. If in fact, the plaintiff sustained the injuries as are alleged in his complaint, said injuries were due to the direct and immediate negligence of the third-party defendant, Stacker Machine Company, in that prior to December 21, 1989, it designed, manufactured and distributed to the public a stacker machine in a dangerous, defective condition or if it did not provide adequate warnings of its dangerous nature, or did not provide adequate safeguards, as is alleged in the original plaintiff's complaint, this was all due to the third-party defendant's negligence. CT Page 3361
 8. If in fact, the plaintiff sustained injuries as are alleged in his complaint, said injuries were due to the direct and immediate and active negligence of Stacker Machine Company, rather than any negligence on behalf of Northeast Graphics, which negligence would have been passive in nature and is categorically denied.
 9. The defendant, Stacker Machine Company, exercised exclusive control over the manufacture and sale of the aforesaid machine.
 10. At all times material hereto, Northeast Graphics, as aforesaid had no reason to anticipate that the "stackers" or "press bundler" machine was defective as aforesaid, and said Northeast Graphics relied on the fact that said machine was not dangerous or defective.
Northeast's Third-Party Complaint, paras. 7-10.
Since Northeast has failed to allege facts from which the court could find an independent legal relationship between Northeast and Stacker Machine, and as Northeast has failed to allege that Stacker Machine was in exclusive control of the situation which allegedly caused plaintiff Lee's injuries, the court grants Stacker Machine's motion to strike the third-party complaint.
Stanley, J.