[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONDEFENDANT ROLSCREEN COMPANY'S MOTION TO STRIKE (#151)
This litigation began when the Administrator of the Estate of David Coates, Jr. instituted suit against Brian Herzing, Laura Herzing, Paul Herzing, and Rolscreen Company. The suit sought damages for the death of the plaintiff's interstate when he fell out a window on the second floor of the Herzing's home. The suit alleged a negligence claim against the Herzings and a product liability claim against Rolscreen, which had manufactured the window. The plaintiff withdrew the case as against Rolscreen on July 15, 1992. On July 27, 1992 this court granted the motion of defendants Brian and Laura Herzing to implead Rolscreen as a third-party defendant. The third-party complaint seeking indemnification was returned to court on August 25, 1992, and on September 9, 1992 the plaintiff administrator withdrew the case as to all remaining defendants. The third-party complaint filed by third-party plaintiffs Brian and Laura Herzing against third-party defendant Rolscreen is still pending.
Before the court at this time is a motion filed by the third-party defendant to strike the third-party complaint. The motion to strike claims that the third-party complaint is legally insufficient in various respects, one of which is that the third-party plaintiffs have failed to allege facts sufficient to establish that the third-party defendant was primarily negligent so as to permit indemnification.
The purpose of a motion to strike is "to test the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). The trial judge "must construe the facts most favorably to the [non-moving party]." Id. If the facts provable under the allegations of the complaint would support a cause of action or defense, the motion to strike must be denied. Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989).
A defendant who settles with a plaintiff before trial maintains the ability to seek indemnification from a named co-defendant or a joint tortfeasor impleaded through a third-party complaint. See Burkert v. Petrol Plus of Naugatuck, Inc., supra,216 Conn. 65; Preisner v. Aetna Casualty Surety Co., 203 Conn. 407,525 A.2d 83 (1987). Indemnity involves a claim for reimbursement in full from one who is claimed to be primarily CT Page 6549 responsible. Kyrtatas v. Stop Shop, Inc., supra, 205 Conn. 701. "Ordinarily, there is no right of indemnity between joint tortfeasors." (Citation omitted.) Atkinson v. Berloni, 23 Conn. App. 325,326, 580 A.2d 84 (1990). "[A] party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct." Burkert v. Petrol Plus of Naugatuck Inc., supra, 216 Conn. 74, citing Kaplan v. Merberg Wrecking Corp. ,152 Conn. 405, 411, 207 A.2d 732 (1965).
Indemnification is permitted in tort actions involving allegations of active-passive negligence. Malerba v. CessnaAircraft Co., supra, 210 Conn. 198. Indemnification based on the theory of active-passive negligence requires the party seeking indemnification to allege and prove the following elements:
 (1) the party must have been negligent; (2) its negligence rather than another's was the direct and immediate cause of injury; (3) it had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could have reasonably relied on the charged party to act without negligence.
Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 573, 452 A.2d 117
(1982). Also, the appellate court has stated that "the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship. "Atkinson v. Berloni, supra, 23 Conn. App. 328.
In the present case, Rolscreen argues that the Herzings have failed to allege sufficient facts to establish that Rolscreen was primarily negligent. Specifically, Rolscreen argues that the third-party plaintiffs fail to allege sufficient facts to demonstrate that Rolscreen had exclusive control over the situation, and also fail to allege sufficient facts to demonstrate the existence of an independent legal relationship between the parties.
The Herzings argue that the allegations of the complaint sufficiently demonstrate that Rolscreen, as manufacturer of the CT Page 6550 allegedly defective and unreasonably dangerous window and screen, was in exclusive control of the situation which caused the injuries to the plaintiff's decedent. The Herzings argue also that the third-party complaint sets forth sufficient facts to establish an independent legal relationship between the parties as buyer and seller.
In the third-party complaint, the Herzings allege that the window and screen were manufactured by Rolscreen and that any injuries sustained by David Coates, Jr. were caused by defects in the design, manufacture, marketing, and distribution of the product by Rolscreen to the exclusion of the Herzings. The Herzings allege that Rolscreen was in control of the production, manufacture, marketing and distribution of the goods to the exclusion of the third-party plaintiffs and that they had no reason to know of the defective and dangerous condition.
Although the Herzings allege that Rolscreen had exclusive control over the production, manufacture, marketing and distribution of the window, they do not allege that Rolscreen was in exclusive control of the situation that caused Coates' injuries. See Lee v. Northeast Graphics, Inc. 8 CSCR 553 (April 7, 1993, Stanley, J.) (allegations of exclusive control over manufacture and sale of machine insufficient to establish exclusive control over situation leading to injury); see also DePaola v. Albinger,9 Conn. L. Rptr. 311 (June 25, 1993, Gray, J.) (allegations of exclusive control over manufacture and sale of vehicle insufficient to establish exclusive control over situation at time of accident).
In the opinion of the court, the third-party complaint does allege facts sufficient to establish an independent legal relationship between the parties. However, the third-party complaint fails to allege sufficient facts which, if proven, would establish that Rolscreen was in exclusive control of the situation which caused the death of the plaintiff's decedent.
The motion to strike the third-party complaint is granted.
William L. Hadden, Jr., Judge CT Page 6551