[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE DEFENDANT'S MOTION TO DISMISS APPLICATION FOR PREJUDGMENT REMEDY
The plaintiff, L.F.I. Inc., has brought an application for prejudgment remedy against the defendant, Pasquale Pagliarulo. The plaintiff, by its unsigned complaint and Affidavit of Debt alleges that the plaintiff is a corporation organized and existing in the State of New Jersey. The plaintiff by its unsigned complaint alleges that the defendant is a resident of the Town of Madison, Connecticut. The plaintiff brings this proceeding based on a personal guaranty (Plaintiff's Exhibit A) signed by the defendant, whereby the defendant guaranteed to the plaintiff that every debt Pasquale Quality Foods or Pasquale Import now owes to or may owe in the future to [plaintiff] will be paid. (Complaint ¶ 3, Affidavit of Debt ¶ 2).
The defendant moves to dismiss the plaintiff's Application For Prejudgment Remedy for the reason that the plaintiff is a foreign corporation and has not obtained a certificate of authority to transact business from the State.
Connecticut General Statutes § 33-396(a) provides "No foreign corporation . . . shall transact business in this state until it has procured a certificate of authority so to do from the secretary of state. . . ."
The singular, sole and only basis of the plaintiff's instant legal proceeding is the defendant's alleged personal guaranty. This guaranty was signed in Little Falls, New Jersey on December 1, 1993 as testified to by Anthony Lisanti, President of the plaintiff and by the defendant. By its terms, "This Guaranty will be governed by the laws of State of New Jersey."
The issue presented is whether the plaintiff is transacting business in the State of Connecticut under circumstances requiring the plaintiff to procure a certificate of authority? Whether or not a foreign corporation is transacting business in this state under § 33-396 must be determined on the complete factual picture presented in each case. Eljam Mason Supply, Inc.v. Donnelly Brick Co., 152 Conn. 483, 485 (1965).
In the instant case it is admitted that the plaintiff is a CT Page 4720 foreign corporation. However it is instituting these legal proceedings seeking a prejudgment remedy based on an alleged guaranty that was prepared by the plaintiff in New Jersey, and signed by both parties in New Jersey and agreed by both parties that the law of New Jersey would pertain. Every aspect of the alleged guaranty is connected to the State of New Jersey.
Furthermore the operation of the plaintiff's business was such that the plaintiff did not employ a salesman in Connecticut, orders for products were obtained by phone from New Jersey, shipments of goods were made from providers outside the State of Connecticut to the facilities of Pasquale Quality Foods or Pasquale Imports, invoices for goods emanated from New Jersey and payment was made to New Jersey. See analogous cases such as Alfred M. Best Co. v.Goldstein, 124 Conn. 597 (1938) and Eljam Mason Supply, Inc. v.Donnelly Brick Co., 152 Conn. 483 (1965).
The court suggests, without finding that the plaintiff's activities fall within the provisions of Connecticut General Statutes § 33-397(b)(1) and/or (5).
This court concludes that the plaintiff's activities pursuant to its application for prejudgment remedy do not fall within the purview of Connecticut General Statutes § 33-396 and the defendant's motion to dismiss application for prejudgment remedy is denied.