[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The third party defendants filed a motion to strike count one of the third party complaint on the ground that it failed to allege sufficient facts showing the existence of an independent legal relationship between the parties. However, the factual allegations, viewed in a light most favorable to the nonmoving party, are sufficient to demonstrate the existence of an independent legal relationship.
The plaintiff, C.N. Flagg (Flagg), filed a six count complaint against the defendant/third party plaintiff, Reaction Thermal Systems, Inc. (Reaction), alleging that it manufactured and sold a defective product known as Reactol. Reactol is a brine solution used as a substitute for ethylene glycol-based fluids and acts as an antifreeze agent in air conditioning chillers. Flagg installed an air conditioning system at the Government Center in New Haven. Subsequently, some of the evaptor tubes in chiller no. 1 of the system burst, causing damages and destruction to Flagg's property.
Reaction's third party complaint, as amended, alleges, interalia, (1) that any property damages sustained by Flagg were due to the negligence of Kenetech Energy Systems, Inc. (KES) and/or Kenetech Facilities Management (KFM) because they added a significant amount of water to chiller unit no. 1, thereby diluting the Reactol and causing a freeze-up in the system; and (2) that KES and/or KFM were in exclusive control of the process of mixing and adding water to the air conditioning system and, therefore, had exclusive control of the final mixture of water and antifreeze solution which was poured into the system. Reaction seeks indemnification by KES and/or KFM for any judgment recovered by Flagg, in addition to counsel fees and costs. CT Page 12516-BB
The motion to strike tests the legal sufficiency of a complaint for failure to state a claim upon which relief can be granted. RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 384
(1994). In deciding the motion, a court is limited to the facts alleged in the complaint. Id. The court must "construe the facts alleged in the complaint in a light most favorable to the pleader."Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. The BOC Group, Inc.,224 Conn. 210, 215 (1992). In support of the motion to strike, KES and KFM contend that the three separate relationships alleged by Reaction do not constitute independent legal relationships among these parties, even if the allegations are assumed true and accurate.
The third-party plaintiff contends that it is not required to allege an independent relationship to sustain its claim for indemnification. Moreover, Reaction argues that its complaint sufficiently alleges the existence of an independent legal relationship between the corporations.
Indemnification "involves a claim for reimbursement in full from one on whom primary liability is claimed to rest. . . ."Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 701 (1988). "A party who is secondarily negligent can obtain indemnification from another party whose negligence is primary [or active]." Immick v.Sears, Roebuck Co., Superior Court, JD Fairfield at Danbury, Docket No. 30 51 77 (January 22, 1992, Fuller, J.) (5 Conn. L. Rptr. 469), citing Weintraub v. Richard Dahn, Inc., 188 Conn. 570,573 (1982).
Active/passive indemnification constitutes "an exception to the general rule that there is no right of indemnification among joint tortfeasors," Id., citing Ferryman v. Groton, 212 Conn. 138,142-43 (1989). "[I]f a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the active or passive negligence of the party against whom reimbursement is sought." (Internal quotation marks omitted).Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74 (1990).
A successful plea of indemnification for active/passive negligence requires that a party allege facts sufficient to prove: (1) the other party was negligent; (2) that other party's negligence was the direct, immediate cause of the injury; (3) the other party was in exclusive control over the situation; (4) the CT Page 12516-CC party seeking indemnification did not know of the other party's negligence, had no reason to anticipate it, and could reasonably rely on the other party to act without negligence. Id.
Furthermore, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based upon an independent legal relationship. Atkinson v. Berloni,23 Conn. App. 325, 328 (1990).
"The Atkinson v. Berloni Appellate Court decision sets out the most recent exposition on this issue from either of the two appellate courts in this state, and as such, it is binding on the Superior Court." Lemond v. Price, Superior Court, JD Milford-Ansonia, at Milford, Docket No. 039975 (August 4, 1993, Flynn, J.) (9 Conn. L. Rptr. 506). Also see, Lee v. Northeast Graphics, Inc.,
Superior Court, JD New Haven, at New Haven, Docket No. 326689 (April 6, 1993, Stanley, J.) (8 CSCR 553, 554) (The indemnitor must owe party seeking reimbursement a duty based upon an independent legal relationship rule "is binding on the Superior Court absent its clarification or overruling by an Appellate Court."). The existence of an independent legal relationship between the parties gives "rise to a clearly identifiable legal duty owed by the third party defendants to the third party plaintiffs." Pereira v. DarienRental Services, Superior Court, JD Fairfield, at Bridgeport, Docket No. 306520 (February 1, 1995, Thim, J.)
The third party complaint supports the claim of an independent legal relationship by alleging: (1) that KES and/or KFM altered the product, Reactol, sold by Reaction; (2) that KES and/or KFM were charged with servicing and/or maintaining the air conditioning system which utilized the Reaction Ice System, (RIS) a product sold by Reaction; or (3) Reaction contacted and provided a bid for the purchase of the Reaction Ice System and Reactol to Flagg. These allegations are sufficient to show the existence of an independent legal duty owed by the third party defendants because of their use of the product Reactol and because they are charged with the obligation to service and/or maintain the air conditioning system which utilized the RIS. Moreover, by using Reaction's products in a commercial setting, the third party defendants had a duty to use the products in a reasonable manner for a foreseeable use.
If proven, the factual allegation that KES and/or KFM altered the level of Reactol used in the air conditioning system, thereby causing a system freeze-up, constitutes a compensable claim by Reaction. CT Page 12516-DD
The motion to strike is denied.
BY THE COURT
Leander C. Gray, Judge