[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD PARTY DEFENDANT'S MOTION TO STRIKE (#118)
The present negligence action arises out of injuries sustained by the plaintiff, Constance Danko ("Danko"), who allegedly fell at a wedding reception when a defect in the dance floor caused her shoe to catch.
On September 1, 1995, the plaintiffs, Constance and Stanley Danko, brought a six count amended complaint against the defendants, The Red House of Johnsonville, Inc. ("The Red House"), Redway Enterprises, Inc. ("Redway"), and Culinary Concepts ("Culinary Concepts"). According to the plaintiffs' complaint: The; Red House controlled and maintained the premises at which the wedding reception was held; Culinary Concepts catered the reception and supplied and/or rented the dance floor; and Redway Enterprises CT Page 13501 rented and/or leased the dance floor to Culinary Concepts.
The Red House has filed a third party complaint against Culinary Concepts seeking indemnification for the plaintiffs' claims against The Red House, on the ground that said claims result from Culinary Concepts' negligence and carelessness. Thereafter, on August 16, 1995, Culinary Concepts filed a motion to strike The Red House's third party complaint, and a memorandum of law in support thereof, on the ground that said complaint fails to state a claim upon which relief can be granted.[1] In response, on September 14, 1995, The Red House filed a memorandum of law in opposition.
Pursuant to Practice Book § 152, a motion to strike may be brought to test the legal sufficiency of a complaint or any of its counts. See Pratt v. Old Saybrook, 225 Conn. 177, 185,621 A.2d 1322 (1993). In ruling on a motion to strike, the court must construe the facts in the complaint most favorably to the plaintiff. Novametrix Medical Systems, Inc. v. BOC Group Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). This includes the facts necessarily implied and fairly provable under the allegations but does not include, however, the legal conclusions or opinions stated in the complaint. Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862 (1992). If any facts provable under the express and implied allegations in the [third party] plaintiff's complaint support a cause of action . . . the complaint is not vulnerable to a motion to strike." (Citations omitted.) Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991).
Culinary Concepts argues that the third party complaint seeking indemnification should be stricken because it fails to allege an independent legal relationship, giving rise to a special duty between Culinary Concepts and The Red House. In response, The Red House argues that the existence of an independent legal relationship need not be pleaded in a claim for common law indemnification, despite the appellate court's ruling in Atkinsonv. Berloni, 23 Conn. App. 325, 580 A.2d 84 (1990), because subsequent to the Atkinson decision the Connecticut Supreme Court, in Hammond v. Waterbury, 219 Conn. 569, 594 A.2d 939 (1991), did not address the need for an independent legal relationship. In the alternative, The Red House argues that the allegations of its complaint are in fact sufficient to establish an independent legal relationship between itself and Culinary Concepts. CT Page 13502
Indemnification is a claim for reimbursement in full from one on whom primary liability is claimed to rest. Kyrtatas v. Stop Shop. Inc., 205 Conn. 694, 701, 535 A.2d 357 (1988). In the absence of a contract to indemnify, one party is entitled to indemnification from another only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct. (Emphasis added.) Burkert v. Petrol Plus of Naugatuck, Inc.,216 Conn. 65, 74, 579 A.2d 26 (1990); Kaplan v. Merberg Wrecking Corp.,152 Conn. 405, 411, 207 A.2d 732 (1965).
Where a claim for reimbursement is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the "active or primary negligence" of the party against whom reimbursement is sought. Burkert v. Petrol Plus of Naugatuck,Inc., supra, 216 Conn. 74. See also Kaplan v. Merberg WreckingCorp., supra, 152 Conn. 415 (active/passive negligence is an exception to the general rule that there is no right of indemnification among joint tortfeasors).
In order to successfully plead active or primary negligence, a plaintiff must allege facts sufficient to prove the following:
1. the other tortfeasor was negligent;
 2. the other tortfeasor's negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries;
 3. the other tortfeasor was in control of the situation to the exclusion of the plaintiff; and
 4. the plaintiff did not know of the other tortfeasor's negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent.
(Citations omitted.) Burkert v. Petrol Plus of Naugatuck Inc.,
supra, 216 Conn. 74.
In Atkinson v. Berloni, supra, moreover, the Appellate Court held that a party seeking common law indemnification must now also establish the following fifth element: "that the alleged, indemnitor owed that party a duty based on an independent legal relationship." Atkinson v. Berloni, supra, 23 Conn. App. 328. CT Page 13503 That is, before a common law right of indemnification will arise, a party must establish that an independent legal relationship, giving rise to a special duty, exists between it and the party against whom reimbursement is sought. Id., 327; Hidden LakeAssociation v. Luchs Beckerman, Superior Court, judicial district of Middlesex at Middletown, Docket No. 69444 (December 8, 1994, Stanley, J. ); Lee v. Northeast Graphics Inc., 8 CSCR 553 (April 6, 1993, Stanley, J. ).
A split of authority currently exists in the Superior Court regarding whether Atkinson should be followed. Nonetheless, this court has held, and continues to hold, that Atkinson is binding on the Superior Court absent its clarification or overruling by an Appellate Court. Lee v. Northeast Graphics Inc., supra,8 CSCR 554. Accordingly, the court must find that The Red House has sufficiently alleged an independent legal relationship between itself and Culinary Concepts in order to withstand Culinary Concepts' motion to strike.
The Red House alleges the following relevant facts in its third party complaint against Culinary Concepts:
 5. If the alleged damages were caused by any parties' negligence, they were caused by the direct and active negligence of Culinary Concepts. Any negligence with which The Red House may be chargeable was passive only.
 6. At all relevant times, Culinary Concepts had exclusive control over the said dance floor and/or maintained the said dance floor area at The Red House.
 7. The Red House did not know of Culinary Concepts negligence, had no reason to anticipate Culinary Concepts negligence, and could reasonably have relied on Culinary Concepts to act without negligence, and as such could not reasonably foresee or prevent the plaintiffs' alleged damages.
 8. At all relevant times, an independent legal relationship existed between The Red House and Culinary Concepts, in that Laine Lichtenbaum and Michael Bartolotta rented The Red House for their wedding and hired Culinary Concepts of 51 Boston Post Road, Madison, Connecticut, to act as their caterer. In turn, Chris Bracken, the owner, agent, servant and/or employee of CT Page 13504 Culinary Concepts rented said dance floor from [Redway Enterprises]. . . .
The Red House has failed to allege facts sufficient to establish the existence of an independent legal relationship between itself and Culinary Concepts. Here, as in Atkinson v. Berloni, supra,23 Conn. App. 328-29, the court can discern neither a "preexisting relationship's between The Red House and Culinary Concepts, nor an, "independent duty" owed by Culinary Concepts to The Red House, based on the allegations set forth above. Accordingly, Culinary Concepts' motion to strike The Red House's third party complaint is hereby granted.
BY THE COURT:
STANLEY, J.