[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
This action was brought by the plaintiff on February 10, 1994. In its Third Revised Complaint dated September 29, 1994, plaintiff alleges in Six Counts:
I Breach of Contract
 II Breach of Implied Covenant of Good Faith and Fair Dealing
III Fraud
IV Civil Theft
V Conversion CT Page 7725
VI CUTPA
Defendants filed a Motion for Summary Judgment on March 26, 1997, and the plaintiff filed its objection on June 12, 1997. Defendants' motion claims that counts Three through Six are barred by the statutes of limitations which for each count is three years, and that all of plaintiff's claims are barred by CGS §§ 33-412 and 33-396 because it has been transacting business in Connecticut without a certificate of authority from the secretary of the state. Plaintiff, in response, claims that some of its claims are for invoices or debts occurring within three years preceding its bringing suit,[1] that the parties were engaged in a continuous course of conduct which tolled the statutes of limitations and that there is a disputed issue of fact as to whether plaintiff was "transacting business" in Connecticut.
STANDARD FOR SUMMARY JUDGMENT:
A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Burns v.Hartford Hospital, 192 Conn. 451, 455 (1984); Bartha v. WaterburyHouse Wrecking Co., 190 Conn. 8, 11 (1983). Our Supreme Court has held that "[i]t is incumbent on a plaintiff to allege some recognizable cause of action in his complaint. If he fails to do so, it is not the burden of the defendant to attempt to correct the deficiency, either by motion [to strike] or otherwise."Stavnezer v. Sage-Allen Co., 146 Conn. 460, 461 (1959). For that reason, a defendant may use a motion for summary judgment, not for pleading deficiencies, but to challenge the legal sufficiency of a complaint "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Boucher Agency v. Zimmer,160 Conn. 404, 409 (1971). A party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact. Dougherty v. Graham, 191 Conn. 248, 250 (1971). To satisfy this burden, the movant must make a showing that it is quite clear what the truth is and that there is no doubt as to the existence of a genuine issue of material fact. Plouff v. NewYork, New Haven and H.R. Company, 160 Conn. 482, 488 (1971). CT Page 77261. Statutes of Limitations:
It should be noted that defendants have submitted certified deposition transcripts and exhibits including discovery responses submitted by the plaintiff. From the invoices contained in these responses, it is clear, as plaintiff claims, that some of the claims are for actions or inactions by the defendants occurring subsequent to February 10, 1991. As to those claims, the statutes of limitations do not apply, and for that reason alone on the issue of statutes of limitations, the motion for summary judgment should be denied.
2. Continuing Course of Conduct:
From the facts in the record, the court concludes that there was a continuing course of conduct between the plaintiff and the defendants from at least March, 1990 until September, 1991. In the deposition of Jim Pefferman of the plaintiff submitted as Exhibit A to the motion for summary judgment, on page 49, lines 22 through 25, the witness agrees with counsel's question that the list of invoices submitted showing invoices (Exhibit 6A to the deposition) in 1990 and 1991 "represents a continuation of what you believe was a practice of Ramondo Recreation, Incorporated starting back in 1989?" Emphasis added.
In Sanborn v. Greenwald, 39 Conn. App. 289, 295, the court stated:
 "When the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed." Handler v. Remington Arms Co., 144 Conn. 316, 321, 130 A.2d 793 (1957). "[I]n order [t]o support a finding of a continuing course of conduct that may toll the statutes of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong . . . . Where [our Supreme Court has] upheld a finding that a duty continued to exist after the cessation of the act or omission relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty CT Page 7727 or some later wrongful conduct of a defendant related to the prior act." (Internal quotation marks omitted.) Blanchette v. Barrett, supra, 229 Conn. 275. The continuous course of conduct doctrine is "conspicuously fact-bound." Id., 276.
 "The continuing course of conduct doctrine reflects the policy, that, during an ongoing relationship, lawsuits are premature because specific tortious acts or omissions may be difficult to identify and may yet be remedied." Id.
In the case at bar, there was a special relationship, business, between the parties and there was later wrongful conduct subsequent to February 10, 1991 right up to September, 1991 all of which were the same type and related back to the same conduct occurring prior to February 10, 1991.
This court, therefore, concludes that the defendants were engaged in a continuous course of conduct that tolled the commencement of the three year statute of limitations until September, 1991 at which time it began. Accordingly, bringing this action on February 10, 1994 did not violate the statutes of limitations. The court believes that the continuous course of conduct is clear from the facts about which there is no dispute. However, if defendants feel that because this is "conspicuously fact bound", further facts are needed, then there is then a disputed issue of material fact. For that reason, for the tolling of the statutes of limitations and for other reasons expressed above, the motion for summary judgment based upon the statutes of limitations claims is denied.
3. "Transacting Business in Connecticut:"
It is not disputed that the plaintiff did not have a certificate of authority to transact business in Connecticut. However, there is a dispute as to whether the plaintiff was transacting business here. "Whether or not a foreign corporation is transacting business in this State under § 33-396 must be determined by the complete factual picture presented in each case." Eljam Mason Supply, Inc. v. Donnelly Brick Company,152 Conn. 483, 485 (1965). It is, therefore, a disputed issue of fact which stands in the way of summary judgment. However, through depositions, defendants have tried to have the plaintiff describe its actions to show that there are facts that prove it was CT Page 7728 "transacting" business in Connecticut. The defendants have produced some facts from the depositions, but those facts or activity fall within the exemption for transacting business in Connecticut contained in CGS § 33-397 which states in (5) "soliciting[2] or procuring orders, whether by mail or through employees or agents or otherwise, where such orders require acceptance without this state before becoming binding contracts." Plaintiff's affidavit (Exhibit A) states (¶ 17) that it "has a right of refusal of all orders from the independent sales representatives".
There is at least a disputed issue of material fact concerning this ground, and under the facts before the court, the defendants are not entitled to summary judgment as a matter of law.[3]
Accordingly, defendants' motion for summary judgment is denied.
Rittenband, Judge