Erik GOUDIS, Plaintiff,

v.

AMERICAN CURRENCY TRADING CORP., et al., Defendants.

Michael Kabilnitsky, Plaintiff,

v.

American Currency Trading Corp., et al., Defendants.

Nos. CIV.A.3:02–CV–425(JCH), CIV.A.3:02–CV–640(JCH).

United States District Court, D. Connecticut.

Nov. 18, 2002.

Paul L. Brozdowski, Bridgeport, CT, for Plaintiff.

Thomas J. Fleming, Olshan, Grundman, Frome & Rosenzweig, New York City, Robert Laplaca, Levett Rockwood, PC, Westport, CT, for Defendants.

## RULING ON DEFENDANTS' MOTION TO DISMISS [DKT. NO. 13/3:02–CV–425][DKT. NO. 5/3:02–CV–640]

HALL, District Judge.

Plaintiffs Erik Goudis ("Goudis") and Michael Kabilnitsky ("Kabilnitsky") bring this consolidated action against defendants American Currency Trading Corp. ("ACT"), Ilya Sorokin ("Sorokin"), and the heirs, representatives, and creditors of Bo-

ris Chrague ("Chrague"), containing claims of fraudulent misrepresentation, breach of contract, and breach of fiduciary duty, among others. Goudis and Kabilnitsky allege that the defendants made a number of misrepresentations that the plaintiffs relied upon in entering into contracts with ACT. Defendants ACT and Sorokin move to dismiss the complaints on the ground that this court does not have personal jurisdiction over them. In addition, Sorokin and ACT move to dismiss plaintiffs' fraudulent misrepresentation claims on the ground that they are not pled with sufficient particularity under Fed.R.Civ.P. 9(b). For the reasons stated below, defendants' motion is granted.

## I. FACTS [1]

The plaintiffs, Goudis and Kabilnitsky, are both citizens of Connecticut. The defendant corporation, ACT, is incorporated in New York. Sorokin is a citizen in New York, as was Chrague prior to his death. This action arises out of contracts executed by the plaintiffs and ACT on June 15, 2000. There are two contracts at issue, one memorializing an agreement between Goudis and ACT, and the other reflecting an agreement between Kabilnitsky and ACT. The agreements involved a company ACT allegedly formed, Compania Latina de Dessarrollo ("Compania"), to implement financial computer systems in Paraguay and other South American countries. Under Goudis' contract, he would provide a capital investment in the amount of $400,000 to Compania. Kabilnitsky's contract provided that ACT would employ Kabilnitsky as Chief Technology Officer, at a salary of $10,000 per week.

Goudis and Kabilnitsky claim that the parties negotiated these contracts during meetings held in Connecticut. Defendants

dispute that any meetings in Connecticut took place prior to execution of the contract. Plaintiffs further claim that, in the course of these negotiations, the defendants made a number of misrepresentations on which plaintiffs relied in executing the contracts. Plaintiffs allege that the defendants falsely claimed that: (1) ACT owned a proprietary software program relating to the business of electronic financial systems; (2) ACT was currently marketing that software program to banks and financial institutions and secured several letters of intent for the program's purchase; (3) ACT had formed Compania, a company in Paraguay for the implementation and operation of its business there; (4) Compania would market, sell, install, and maintain the software program in Paraguay; and (5) ACT owned a 75% interest in Compania.

Plaintiffs' allege that, in reliance on these misrepresentations, each of them entered into a contract with ACT that the corporation has failed to honor. As a result, Goudis and Kabilnitsky, collectively, bring claims for fraudulent misrepresentation, breach of contract, breach of fiduciary duty, an accounting, misappropriation of funds, conversion, and unjust enrichment.

## II. DISCUSSION

■ Defendants ACT and Sorokin move to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(2), claiming that this court does not have personal jurisdiction over them. The plaintiff bears the burden of establishing personal jurisdiction. *Distefano v. Carozzi N. America, Inc.*, 286 F.3d 81, 84 (2d Cir.2001). Where, as here, the court relies on pleadings and affidavits, without the benefit of a full evidentiary hearing, the plaintiff need only make a

---

1. In a motion to dismiss, the court must view all facts in the light most favorable to the plaintiffs. Therefore, all facts set forth in this ruling, unless otherwise noted, are as the plaintiffs present them.

prima facie showing of personal jurisdiction. *Id.* "A plaintiff can make this showing through his 'own affidavits and supporting materials,' containing 'an averment of facts that, if credited . . ., would suffice to establish jurisdiction over the defendant.'" *Whitaker v. American Telecasting, Inc.,* 261 F.3d 196, 208 (2d Cir.2001) (internal citations omitted). Allegations in the pleadings and affidavits " 'are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor.'" *Id.* (internal citation omitted).

In order to determine whether it has personal jurisdiction over a party, the court must first look to the long arm statute of the forum state. *Id.* If the exercise of jurisdiction under that statute is proper, the court must determine whether its exercise also satisfies the federal constitutional requirements of due process. *Id.* Thus, " '[t]he amenability of a foreign corporation to suit in a federal court in a diversity action is determined in accordance with the law of the state where the court sits, with 'federal law' entering the picture only for the purpose of deciding whether a state's assertion of jurisdiction contravenes a constitutional guarantee.'" *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.,* 84 F.3d 560, 567 (2d Cir.1996) (citation omitted).

## A. Long Arm Jurisdiction Under Connecticut Law

### 1. Standard

Connecticut's long arm statute relating to foreign corporations, Section 33–929, provides, in pertinent part, as follows:

(e) Every foreign corporation which transacts business in this state in violation of section 33–920, shall be subject to suit in this state upon any cause of action arising out of such business.

(f) Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: . . . (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

Conn. Gen.Stat. § 33–929(e) & (f). For the purposes of Section 33–929(e)–(f), a "foreign corporation" is "a corporation incorporated under a law other than the law of [Connecticut]." Conn. Gen.Stat. § 33–602(13).

Connecticut's long arm statute relating to individual defendants, Section 52–59b, provides, in pertinent part, as follows:

a court may exercise personal jurisdiction over any nonresident individual, or foreign partnership or over the executor or administrator of such nonresident individual or foreign partnership, who in person or through an agent: (1) Transacts any business within the state; (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act

. . . .

Conn. Gen.Stat. § 52–59b(a).

### 2. Personal jurisdiction when fraud is alleged

Both statutes explicitly provide for jurisdiction where the plaintiff alleges that a corporate or individual defendant has committed a tort within the state of Connecticut. If the plaintiffs' complaints contain properly pleaded allegations of fraud, jurisdiction under these statutes is proper. *Knipple v. Viking Communications Ltd.,* 236 Conn. 602, 610, 674 A.2d 426 (1996) (false representations entering Connecticut

by wire or mail constitute tortious conduct in Connecticut for purposes of asserting jurisdiction over foreign corporation); *Pro Performance Corporate Servs., Inc. v. Goldman,* 47 Conn.Supp. 476, 486, 804 A.2d 248 (Conn.Super.Ct.2002) (fraudulent misrepresentations made in Connecticut sufficient for personal jurisdiction over individual defendant); *David v. Weitzman,* 677 F.Supp. 95, 98 (D.Conn.1987) (allegations of fraudulent misrepresentations sent to Connecticut by mail and phone sufficient to establish personal jurisdiction over individual and corporate defendants). However, defendants contest the validity of plaintiffs' fraud claims, arguing that the claims are not sufficiently particular to meet the requirements of Fed.R.Civ.P. 9(b). Because the claims of tortious conduct must be properly pled to serve as a basis for jurisdiction, *Franceskino v. Womack,* No. CIV 3:01CV1835 (AVC), 2002 WL 100602 (D.Conn. Jan. 25, 2002), the court will first consider the merits of defendants' motion to dismiss the plaintiffs' claims for fraudulent misrepresentation.

#### a. Particularity under Fed.R.Civ.P. 9(b)

Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R.Civ.P. 9(b). In order to satisfy this rule, "a plaintiff should specify the time, place, speaker, and content of the alleged misrepresentations." *Caputo v. Pfizer, Inc.,* 267 F.3d 181, 191 (2d Cir.2001). The complaint must also explain "how those representations were fraudulent and 'plead those events which give rise to a strong inference that the defendant[ ] had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth.'" *Id.* (quoting *Connecticut Nat'l Bank v. Fluor Corp.,* 808 F.2d 957, 962 (2d Cir. 1987)). Where plaintiffs, as here, have

specifically requested leave to amend if their pleadings do not meet the requirements of Rule 9(b), the court must grant leave "unless the plaintiff has acted in bad faith or the amendment would be futile." *Id.* (citing *Luce v. Edelstein,* 802 F.2d 49, 56 (2d Cir.1986)).

#### b. Claims of fraudulent misrepresentation by Goudis and Kabilnitsky

Defendants ACT and Sorokin argue that Goudis and Kabilnitsky have failed to plead their claims of fraudulent misrepresentation with sufficient particularity. Defendants argue that plaintiffs' cause of action is based solely on conclusory allegations and contains no specific detail as to the time, place, and content of the alleged misrepresentations.

Plaintiffs' complaints allege that "defendants" made various misrepresentations in the course of business meetings held in Connecticut before and around June of 2000. Although both complaints provide a fairly detailed summary of the content of the alleged misrepresentations, neither complaint is sufficiently particular with respect to the time, place, or speaker of those misrepresentations.

As to time, Goudis' complaint claims the statements were made during meetings held "[o]n various occasions on and before June 15, 2000," Goudis Compl. ¶ 11, and Kabilnitsky's complaint alleges the misrepresentations were made "[i]n meetings held in the State of Connecticut on or about June 2000 and on various other occasions . . . ." Kabilnitsky Compl. ¶ 11. Neither complaint contains the dates of specific meetings, nor identifies what was said on each occasion. Although other courts have held that "[i]f a complaint alleges that a defendant made the same representation repeatedly over a specified period of time, the inability to provide the exact dates will not defeat a claim," *CSI Inv. Partners II, L.P. v. Cendant Corp.,*

180 F.Supp.2d 444, 455 n. 11 (S.D.N.Y. 2001), Goudis and Kabilnitsky do not even allege a range of time during which these meetings occurred and that the same representations were made at each meeting. As a result, both complaints are insufficiently particular with respect to time.

Goudis and Kabilnitsky's complaints are also insufficiently particular with respect to place. Each complaint alleges that the defendants made misrepresentations "within the State of Connecticut," but plaintiffs provide no more specific location. Vague assertions that alleged fraudulent acts occurred within a particular state are not "particular" under any reasonable definition of that term.

Finally, Goudis and Kabilnitsky's allegations do not comply with Rule 9(b) because neither complaint specifies which defendant made each alleged misstatement. As important as details about the time and place when the alleged misrepresentations were made are specific allegations directed to an identifiable defendant. Under Rule 9(b), a plaintiff's claims must be sufficiently particular to provide *each defendant* with notice of his alleged wrongful conduct. *Goldman v. Belden,* 754 F.2d 1059, 1070 (2d Cir.1985) (emphasis added). Because that particularity is lacking in this case, the plaintiffs' claims for fraudulent misrepresentation must be dismissed.

As required by the Second Circuit, however, plaintiffs are given leave to re-plead their claims of fraud in order to comply with Rule 9's requirements. Plaintiffs must file an amended complaint containing allegations of fraudulent misrepresentation sufficiently particular under Rule 9(b) by December 14, 2002.

### 3. Jurisdiction over the remaining counts

The remaining counts in plaintiffs' complaints arise out of contracts formed between each plaintiff and ACT. The individual defendants, Sorokin and Chrague, are not parties to these contracts, nor have plaintiffs alleged that these defendants acted, with respect to these contracts or the negotiations, in any capacity other than as representatives of the corporation. Therefore, this court's jurisdiction depends on whether or not ACT's alleged negotiation of contracts in Connecticut amounts to "transacting business" under Connecticut's long arm statute, Conn. Gen.Stat. § 33–929. *Bross Utilities Serv. Corp. v. Aboubshait,* 489 F.Supp. 1366, 1373 (D.Conn. 1980).

Section 33–929(e) provides that a "foreign corporation which transacts business in this state in violation of section 33–920, shall be subject to suit in this state upon any cause of action arising out of such business." A foreign corporation violates section 33–920 if it "transacts business" within the meaning of that statute in the absence of a valid certificate of authority from the Secretary of State. Conn. Gen. Stat. § 33–920(a). Plaintiffs claim that ACT transacted business in Connecticut by negotiating contracts with each plaintiff in the state.[2]

■ Even if ACT did negotiate the contracts with each plaintiff in Connecticut, this activity is insufficient to support jurisdiction under section 33–929(e). "The term 'transacting business' is not broadly interpreted in Connecticut," *Chemical Trading, Inc. v. Manufacture de Produits Chimiques de Tournan,* 870 F.Supp. 21, 23 (D.Conn.1994), and several cases hold that

**2.** Neither party claims that ACT holds a certificate of authority to transact business in Connecticut.

the negotiation of contracts, standing alone, does not constitute fall within its scope. In *Eljam Mason Supply, Inc. v. The Donnelly Brick Co.*, 152 Conn. 483, 486, 208 A.2d 544 (1965), the Connecticut Supreme Court held that a corporation that drafted, but did not execute, a contract in Connecticut and received two deliveries of merchandise to a Connecticut address was not "transacting business" for the purposes of Section 33–396, the predecessor of Section 33–920. Similarly, in *Alfred M. Best, Co. v. Goldstein*, 124 Conn. 597, 604, 1 A.2d 140 (1938), the Court held that a corporation did not "transact business" when it solicited and signed four contracts in Connecticut that required out-of-state approval before they were binding. *See also Marvel Products, Inc. v. The Fantastics, Inc.*, 296 F.Supp. 783, 786 (D.Conn.1968) (five sales made to customers in Connecticut, where contracts finalized outside the state, "far from sufficient" to constitute transacting business).

In this case, Goudis and Kabilnitsky allege that ACT negotiated two contracts during meetings held in Connecticut and phone calls made to Connecticut. As the above cases indicate, this activity is insufficient to support jurisdiction under Section 33–929(e). Therefore, the court must dismiss this action for lack of personal jurisdiction over the remaining defendant, ACT.

**B. Minimum Contacts under Due Process**

Because the plaintiffs' complaints, without the fraud counts, would not support jurisdiction under Connecticut's long arm statute, the court need not consider whether exercise of jurisdiction over the defendant would be consistent with due process.

**III. CONCLUSION**

For the reasons stated above, defendants' motion to dismiss is GRANTED. However, plaintiffs have leave until December 14, 2002 to file an amended complaint containing allegations of fraud sufficiently particular under Rule 9(b).

**SO ORDERED.**