[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
In this slip and fall case arising out of a fall in a Big Y store because of liquid on the floor, Big Y filed a motion to implead as a third-party defendant Adirondack Beverages Corp. (Adirondack) for indemnification pursuant to General Statutes § 52-102a which was granted on May 13, 2002. Subsequently, Big Y filed a third-party complaint against Adirondack on April 30, 2002, alleging that the plaintiff's fall resulted from slipping on liquid that spilled on the floor from a defective can of Adirondack Lemon-Lime Seltzer, and that Adirondack, as the manufacturer, designer, and distributor of the product, is responsible for the plaintiff's injuries.
On November 1, 2002, Adirondack filed this motion to strike the third party complaint claiming that Big Y failed to allege sufficient facts in its third-party complaint to constitute a proper claim of common law indemnification. Big Y contends that its third party indemnification claim is legally sufficient because it has alleged enough facts to show that Adirondack was in exclusive control of the situation that caused the plaintiff's injuries.
In Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74
(1990) our Supreme Court stated:
[A] party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct. We have also consistently held that, if a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the "active or primary negligence" of the party against whom reimbursement is sought. Such proof requires a plaintiff to establish four separate elements: "(1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of CT Page 4447-y the plaintiff, and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent.
In its third-party complaint, Big Y describes the "dangerous condition" giving rise to the accident as liquid that spilled on the floor from a can of Adirondack Lemon-Lime Seltzer and that Adirondack exercised exclusive control over the design, manufacturing and distribution of the product that is, the can containing the liquid.
Although Big Y alleges that Adirondack had exclusive control over the design and manufacture of the can, it does not allege that Adirondack was in exclusive control of the situation that caused the plaintiff's injuries. Our Supreme Court has stated that "[i]t is plausible to define exclusive control over `the situation' as exclusive control over the dangerous condition that gives rise to the accident." Skuzinski v.Bouchard, 240 Conn. 694, 706, 694 A.2d 788 (1997).
The standard to invoke indemnity, in a case like this appears to be not whether there was some mere control over the situation giving rise to the accident, but whether Adirondack was in exclusive control of the situation that is, the liquid on the floor, to the exclusion of Big Y. See Thomas v. Seaport Motors Inn, Superior Court, judicial district of New London at Norwich, Docket No. CV 02 0122625 (August 23, 2002, Hurley, .JTR) See Coates v. Rolscreen Co., Superior Court, judicial district of New Haven, Docket No. CV 91 0330146 (June 13, 1994, Hadden, J.) (allegations of exclusive control over the manufacture and distribution of window insufficient to establish exclusive control over the situation leading to the injury); Lee v. Northeast Graphics, Inc., Superior Court, judicial district of New Haven, Docket No. CV 326689 (April 7, 1993, Stanley, J.) (8 CSCR 553) (allegations of exclusive control over manufacture and sale of machine insufficient to establish exclusive control over situation leading to injury); DePaola v.Albinger, Superior Court, judicial district of New Haven, Docket No. CV 91 323904 (June 25, 1993, Gray, J.) (9 Conn.L.Rptr. 311) (allegations of exclusive control over manufacture and sale of vehicle insufficient to establish exclusive control over situation at time of accident).
Since Big Y has not alleged sufficient facts to establish that Adirondack had exclusive control over the situation that caused the plaintiff's injuries, the motion to strike Big Y's third-party complaint is granted.
Wagner, JTR CT Page 4447-z