Gianetti v. Teakwood, Ltd., et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand twenty.

PRESENT:
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

─────────────────────────────────────

Charles D. Gianetti,

       *Plaintiff-Appellant*,

    v.                             19-1135

Teakwood, Ltd., David W. Houze, Todd Fentress, 256 Enterprises, Inc., Heritage Resources, Inc., Jack D'Aurora, Robert J. Behal,

       *Defendants-Appellees.*

─────────────────────────────────────

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Charles D. Gianetti, *pro se*, Bridgeport, CT |
| **FOR DEFENDANTS-APPELLEES:** | Jack D'Aurora, Esq., The Behal Law Group, Columbus, OH |

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings consistent with this order.

Plaintiff-Appellant Charles D. Gianetti ("Gianetti"), proceeding *pro se*, appeals from the district court's dismissal of his complaint for lack of personal jurisdiction over Ohio-based defendants Teakwood, Ltd. ("Teakwood"); 256 Enterprises, Inc.; Heritage Resources, Inc.; David W. Houze; Todd Fentress; Jack D'Aurora; and Robert J. Behal. Gianetti, who was a limited partner in Teakwood's predecessor entity, a partnership called "Discovery 76," raised state-law tort claims against the defendants based on their alleged wrongdoing in dissolving Discovery 76 and transferring its assets to Teakwood. Where, as here, the district court decides the motion based on the pleadings and affidavits, we "review the district court's resulting legal conclusions *de novo*." *Dorchester Fin. Secs., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013).

On appeal, Gianetti challenges the district court's determination that it lacked personal jurisdiction over the defendants under Connecticut's long-arm statute, arguing, *inter alia*, that jurisdiction was proper because defendants (1) transacted business in Connecticut, and (2) committed tortious acts in the state. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we elaborate upon only as necessary to explain our decision to vacate and remand.

As to Gianetti's first argument, we are unpersuaded. Gianetti contends that the defendants are subject to personal jurisdiction in Connecticut because he signed his investment contract in Connecticut and the defendants transacted business within the state. However, the complaint

2

alleges that he obtained his original partnership through a Connecticut brokerage company that is not a defendant and that the defendants are based in Ohio. The complaint does not allege that any of the defendants transacted business within Connecticut except to occasionally mail him papers and distributions.

We agree with the district court that these allegations are insufficient to establish that the defendants transacted business in Connecticut within the meaning of Connecticut's long-arm statute. As one district court has explained, "the term 'transacts business' is 'not broadly interpreted in Connecticut' . . . [and] the negotiation of contracts, standing alone, does not constitute 'transacting business' in Connecticut. Similarly, the transmission of communications between an out-of-state defendant and a plaintiff within the jurisdiction does not, by itself, constitute the transaction of business in a forum state." *LucidRisk, LLC v. Ogden*, 615 F. Supp. 2d 1, 5 (D. Conn. 2009) (citation omitted) (first quoting *Goudis v. Am. Currency Trading Corp.*, 233 F. Supp. 2d 330, 334 (D. Conn. 2002), then citing *Bross Utils. Serv. Corp. v. Aboubshait*, 489 F. Supp. 1366, 1371–72 (D. Conn. 1980)); *see also, e.g.*, *Ryan v. Cerullo*, 282 Conn. 109, 119–21 (2007). Accordingly, the district court correctly determined that personal jurisdiction was lacking on this basis.

Gianetti's second argument, by contrast, merits further analysis. According to Gianetti, personal jurisdiction was also proper based on a distinct provision of the Connecticut long-arm statute that authorizes jurisdiction over defendants who engaged in a tortious act in Connecticut. *See* Conn. Gen. Stat. § 52-59b(a)(2); Conn. Gen. Stat. § 33-929(f)(4). Gianetti argues that he made the necessary showing of a tort committed in Connecticut in his affidavit in opposition to the motion to dismiss, which alleged that the defendants mailed him documents containing false or misleading representations and attached numerous letters as exhibits. Alleged misrepresentations

3

such as these may, in some circumstances, constitute tortious conduct within Connecticut permitting the exercise of personal jurisdiction. *See, e.g.*, *Knipple v. Viking Commc'ns, Ltd.*, 236 Conn. 602, 610–11 (1996); *Doe v. Ciolli*, 611 F. Supp. 2d 216, 221–22 (D. Conn. 2009) (collecting cases). Without expressing a view as to the sufficiency of the allegations here, we note that the district court has not addressed the question of whether Gianetti has established a *prima facie* showing of personal jurisdiction on this basis, nor the questions of whether the exercise of such jurisdiction would comport with due process or whether, as defendants argue, the Ohio litigation constitutes a *res judicata* bar to Gianetti's tort claims. We therefore remand to the district court for consideration of these issues in the first instance.

We have considered the parties' remaining arguments and find them to be without merit. Accordingly, we **VACATE** the dismissal of the complaint for lack of personal jurisdiction and **REMAND** this case to the district court for proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4