## THE JOHNSON COUNTY SAVINGS BANK vs. ALICE C. WALKER.

Third Judicial District, New Haven, January Term, 1908.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

General Statutes, §§ 1380, 1381, requiring articles purporting to be made of gold, in whole or in part, to be truthfully stamped or marked, and declaring it to be a misdemeanor to sell such articles if falsely marked, do not apply to sales made in another State; and therefore foreign sales of the above described articles may be a valid consideration for the acceptance in this State of drafts drawn by the foreign vendor upon the Connecticut vendee for the payment of their purchase price.

A manufacturing company in Iowa, through its solicitor in Connecticut, obtained an order from the defendant for various kinds of jewelry to be delivered free on board transportation companies in Iowa, and to be paid for by acceptances of drafts to be drawn by the vendor, and the sale was consummated accordingly. *Held* that upon these facts the sale was made in Iowa.

In an action upon these acceptances, the defendant's husband testified that many suits of this kind were pending all over the country, his information being derived from a paper published by an association of druggists, of which he was a member. It did not appear that the plaintiff, an alleged bona fide indorsee of the drafts, or the vendor, was a party to these suits, or that the plaintiff had knowledge of them, nor did it appear when they were commenced. *Held:*—

1. That the testimony was clearly hearsay and erroneously admitted.
2. That after it appeared on cross-examination that the witness' information of these other suits was acquired subsequent to the commencement of the present action, the plaintiff's motion to strike out the evidence should have been granted.

It is the duty of the trial judge to pass upon the admissibility of testimony, and not leave it to be decided by the jury; for it is only by his decision that counsel can know whether the evidence is admitted or rejected and have the benefit of their exceptions accordingly.

Submitted on briefs January 22d—decided March 5th, 1908.

ACTION by an indorsee against the acceptor of four bills of exchange, brought to the District Court of Waterbury and tried to the jury before *Cowell, J.;* verdict and judg-

ment for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

*John J. O'Neill*, for the appellant (plaintiff).

*Lucien F. Burpee* and *Terrence F. Carmody*, for the appellee (defendant).

THAYER, J. The plaintiff claimed to have proved the following facts: The Puritan Manufacturing Company of Iowa, soliciting in this State, through an agent, obtained from the defendant an order for various articles of jewelry, valued at $200, "to be delivered free on board transportation companies" in Iowa, and paid for by acceptances at three, six, nine and twelve months. The goods were delivered in compliance with the order, and the four bills in suit, drawn by the company, were accepted by the defendant in payment. Before the bills became due they were negotiated by the company to the plaintiff, who gave adequate consideration therefor and took them in good faith, without notice or knowledge of any infirmity in them. The defendant claimed, and offered evidence to prove, that the sale was made in this State, that the order was obtained by fraud, by representing that the articles were made of 14k gold, when they were in fact of an inferior quality, and that they were in fact marked 14k, and their sale thus in violation of §§ 1380 and 1381 of the General Statutes, and that the consideration of the acceptances was therefore illegal, of which the plaintiff had notice.

As bearing upon the illegality of the consideration, the court, after reading to the jury § 1380, and saying to them that the sale of articles not complying with the requirements of the statute was prohibited under penalty, and that contracts for doing what was so prohibited were void, proceeded as follows: "In view of the above stated law, I charge you that if you find from the evidence that the consideration given for the drafts in question was articles marked in a manner indicating, or designed or intended to indicate, in a manner that the gold, alloy, or imitation

thereof, in such article or articles was different from or better than the actual kind or quality of such gold, alloy, or imitation thereof, . . . such consideration was illegal, and, because of its illegality, the Puritan Manufacturing Company could not have recovered on these drafts from the defendant, nor is the plaintiff entitled to recover from her if it had actual knowledge of the illegality of said transaction, or took the drafts under circumstances amounting to a fraud at the time said drafts were purchased by the plaintiff."

If the facts regarding the purchase of the articles were as claimed by the plaintiff (and the bill of sale which is made a part of the finding indicates that they were), the sale was made in Iowa; *Eager Co.* v. *Burke*, 74 Conn. 534, 536, 51 Atl. 544; and the Connecticut statutes did not attach to it or render it illegal. The jury should have been so instructed, and told that the law as given them only applied in case they found that the sale was made in Connecticut. Under the instruction given they may have rendered their verdict for the defendant on the ground that the consideration was illegal, although they found that the sale was made in Iowa.

The defendant's husband, as a witness in her behalf, was permitted to testify, against the plaintiff's objection, that there were five or six hundred other suits of this kind in existence all over the country, that he had notice of them through a paper published by an association of druggists of which he was a member, who sent out notices "notifying every druggist about this concern," and who gave a list of the parties who were in trouble, and that his impression was that in the city of Washington there were sixty cases, and something like five hundred around the country. This evidence was objected to as irrelevant, immaterial, made in the absence of the plaintiff, and hearsay. Upon cross-examination it appeared that the witness received the notice mentioned after this action was brought. Thereupon the plaintiff moved that the evidence be stricken out. The objections and motion were overruled. It does

not appear that the plaintiff was a party to the suits referred to, or that the Puritan Manufacturing Company was connected with them in any way, or that the plaintiff had in fact any knowledge of them. The evidence was clearly hearsay. The objections, therefore, should have been sustained. After it appeared that the witness had no knowledge of the existence of the suits until after the present one was brought, there could be no presumption, in the absence of any evidence as to the date when they were commenced, that the plaintiff had knowledge of them prior to the purchase of the acceptances; and the motion to strike out the evidence should have been granted.

It is claimed by the defendant that if there was error here, it was corrected in the charge. The court in its charge said to the jury that they should disregard this testimony unless it appeared that Mr. Walker had personal knowledge of the suits in question. It is the duty of the court to pass upon the admissibility of testimony. It is only in this way that counsel can know whether it is admitted or rejected and have the benefit of their exceptions. If, therefore, the court could have rectified the error in the admission of this testimony, in its charge to the jury, the least it could have done would have been to pass upon the question then and there and to have instructed the jury to reject the evidence. By the course taken the jury were left to decide whether they should consider the evidence or not.

The other evidence objected to by the plaintiff does not tend to prove the fraudulent representations alleged, but under the issue of fraud which is raised by the pleadings it was admissible in connection with the circumstances attending the giving of the order.

The remark of the defendant's counsel about "snide concerns," to which exception is taken, could not have harmed the plaintiff, because, by design or accident, it referred not to the plaintiff or the Puritan Manufacturing Company, but to concerns against whom actions were claimed to be pending. The court was not called upon,

therefore, to caution the jury in respect thereto, or to administer the rebuke called for by the plaintiff's counsel.

There are some other exceptions to the charge, but they are without merit and need not be considered at length.

There is error and a new trial is ordered.

In this opinion the other judges concurred.