THEODORE O. LOVELAND ET AL. (THE MOLINE JEWELRY COMPANY) *vs.* JOHN J. DINNAN.

Third Judicial District, New Haven, June Term, 1908.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

An order addressed by a local shopkeeper to a manufacturer in Iowa, calling for the delivery of the goods specified therein to a common carrier in Iowa for transmission to the shopkeeper, at his expense, which is accepted and filled by the manufacturer in Iowa, is a contract of sale made in that State and not in Connecticut.

A contract made in another State for the purchase there of certain articles of jewelry, which, by reason of their stamps or markings, cannot lawfully be sold in this State (General Statutes, § 1381), is not invalidated by our statute, nor, in the absence of fraud, can the articles be returned by the vendee if they conform to his order.

If, however, the articles, while conforming in all other respects to the order, were, without its authority, so marked or stamped by the manufacturer as to be unsalable under the laws of this State, the vendee would be justified in refusing to accept them and in returning them, provided he did so within a reasonable time; and a stipulation in the order to the effect that the vendor would buy back, or replace or exchange goods bought of him, does not deprive the vendee of his right of return.

Letters between vendor and vendee may be admissible for the purpose of showing their attitude and conduct, but not to alter or affect their written agreement.

Expert testimony is admissible that articles of jewelry are inferior in kind or quality to their markings and to those shown to have been ordered by the purchaser.

Argued June 2d—decided August 3d, 1908.

ACTION to recover for goods sold, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Wolfe, J.;* verdict and judgment for the defendant, and appeal by the plaintiffs. *Error and new trial ordered.*

*George E. Beers*, with whom was *Fred C. Russell*, for the appellants (plaintiffs).

*Osborne A. Day*, for the appellee (defendant).

HALL, J. The plaintiffs are copartners, and manufacturers and wholesale dealers in jewelry in Iowa City, Iowa, with an office also in Moline, Illinois. It appeared in evidence in the trial court that at the solicitation of the plaintiffs' agent, in this State, the defendant, who has a store in New Haven, on the 18th of April, 1906, sent them an order for certain jewelry. The order was upon a printed form, furnished by the plaintiffs' agent, and is made a part of the complaint. At the head of the form are these words: " Following is a list of Goods and Terms for Our $322.25 Order." Then follows an agreement of the plaintiffs to buy back unsold goods; a list of various kinds of described jewelry, with their prices, amounting to $322.25; "the terms of payment," either by cash or by four acceptances; a statement, under the title of " Warranty," that the plaintiffs will replace any article not wearing satisfactorily, and a provision for the exchange of goods purchased for other styles or patterns.

The following is the language of the order signed by the defendant:—

"Moline Jewelry Co., Moline, Illinois:

"Gentlemen:—On your approval of this order, please deliver to us at your earliest convenience F. O. B. Transportation Companies, either at distributing point or at factory point, $250.00 worth the above described goods and no others on the terms and conditions herein set forth and no others (all of which I have read and found complete and satisfactory)."

Under the defendant's signature was the name of the salesman who solicited the order.

On the 20th of April, 1906, the plaintiffs delivered the jewelry, in conformity with the order as they claim, addressed to the defendant at New Haven, to the United States Express Company, and on the same day sent the defendant an invoice of the same, upon which was printed: "All claims of any nature must be made on receipt of this bill. . . . All Bills payable at Moline, Illinois. . . . No Freight or Express Charges Allowed."

The defendant claimed to have proved that after having received the goods and caused them to be examined by a competent jeweler, he wrote the plaintiffs on the 12th of May as follows: "The Moline Jewelry Co. Gentlemen: I hold your goods subject to your disposal. The terms are not according to agreement, consequently, I don't care to have anything further to do with them. They wait your instructions"; and that upon receiving a reply from the plaintiffs that they had no orders to give, the defendant, on the 19th of May, reshipped the goods to the plaintiffs, who refused to receive them, and that they were returned to the defendant, who still holds them, subject to the plaintiffs' order.

In his substituted answer the defendant avers that the goods sent did not comply with the order; that the plaintiffs fraudulently substituted worthless and imitation goods for those ordered, and that he refused to accept them; and he claimed to have proved that among the goods not complying with the order were certain rings, marked " E 14 K," indicating that they were solid 14 carat gold, which were not solid gold, and other goods so marked, either upon the articles themselves or upon the cards to which they were attached, as to render the manufacture, sale, or possession of them a misdemeanor under § 1381 of the General Statutes of this State.

The trial judge charged the jury regarding the effect of such claimed facts, in part as follows: " I desire to call your attention to the claim made by the defendant that the

goods sent to him by the plaintiffs, or a considerable portion of them at least, are unmerchantable for the further reason that they are of such a character, because of the marks thereon . . . that it would be in violation of the statute law of the State for him to have them in his possession for sale, and that it was equally unlawful for the plaintiffs to sell to him such goods in the State of Connecticut, as he says was done in this case, the contract having been entered into in New Haven." The court then stated to the jury the provisions of § 1381, and said: "If, therefore, the plaintiffs sent to the defendant goods which in this State it is unlawful for one to sell or have in his possession for the purpose of sale, then such goods are unmerchantable and the defendant would have a right, as soon as he discovered such fact, if it be a fact, to refuse to receive the same." The court further said to the jury: "If, therefore, the plaintiffs substantially failed to fulfill their agreement to furnish goods of the character thus agreed to be furnished, or if the defendant has shown that the goods delivered to him contained articles that could not be sold or held in one's possession with intent to sell, without subjecting him to the liability of a criminal prosecution, then the defendant had the right, upon the receipt of the goods, to hold them for the purpose of examination, and if he found they were not in substantial conformity with the contract, or were marked in such a way as to be violative of the statute I have quoted, he had the right to return them to the plaintiffs, provided . . . the examination and return were within a reasonable time."

From this language the jury must have understood the court to hold that the contract of sale was made in New Haven, and that our statute rendered the sale by the plaintiffs to the defendant illegal, if the goods were stamped or marked in the manner prohibited by § 1381. This was error. The jury should have been instructed that the sale by the plaintiffs was not made in this State, and that therefore it was not rendered illegal by the

provisions of § 1381. *Johnson County Savings Bank* v. *Walker*, 80 Conn. 509, 69 Atl. 15.

It was also error to instruct the jury, as the court in effect did, that the defendant might return the goods, if they were not salable under § 1381, even if they were in conformity to the defendant's order. The goods themselves are not before us. Those which counsel endeavored to exhibit in this court were not properly certified or marked as parts of the evidence. If the goods received by the defendant comply with the written order in kind and quality, as well as in the stamping or marking complained of, the defendant had no right, having bought them in Iowa or in Illinois, to return them to the vendors, because they could not lawfully be sold in Connecticut. If the defendant received just what he bought he is, in the absence of fraud, liable for the agreed price. If, however, the sale was procured by the plaintiffs' fraud, or if the goods received by the defendant did not, either in kind or quality, or in being stamped or marked in the manner claimed, substantially conform to the defendant's order, the defendant could properly refuse to accept them, and would not be liable to pay for them. Even if in all other respects the goods received conformed to the defendant's order, yet if, without the authority of the order, the plaintiffs caused them, or a considerable part of them, to be so stamped or marked as to render it unlawful to sell them in this State, the defendant was justified in refusing to accept them, and in returning them to the plaintiffs, provided he did so within a reasonable time; and whether the goods were so marked without authority, or were deficient in kind or quality, the statements in the printed order, that the plaintiffs would buy back, or replace, or exchange goods, did not deprive the defendant of the right to refuse to accept and to return the goods.

We find no error in the admission in evidence of the letters between the plaintiffs and defendant, including those written by and to defendant's attorney, for the pur-

pose of showing the conduct of the parties, and not for the purpose of changing the written order.

The printed order and all the jewelry having been before the jury, we perceive nothing irregular in permitting the defendant, as a witness, to indicate the articles covered by the different items of the order, assuming that it did not require an expert to do so.

Expert testimony that articles of jewelry were marked so as to indicate that they were made of a better kind or quality of gold than that actually used in them, was admissible to prove either that such goods were inferior in quality to those ordered, or that they were rendered unsalable from being so marked without the defendant's order.

We deem it unnecessary to discuss the ruling of the court upon the plaintiffs' motion to set aside the verdict, or the other numerous assignments of error.

There is error and a new trial is ordered.

In this opinion the other judges concurred.