ALFRED M. BEST COMPANY, INC. *v.*
MAXWELL H. GOLDSTEIN.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued May 6th—decided July 12th, 1938.

*Bernard P. Kopkind* and *Clarence A. Hadden,* with whom, on the brief, were *Daniel Pouzzner* and *William L. Hadden,* for the appellant (plaintiff).

*Maxwell H. Goldstein,* pro se.

AVERY, J.  The plaintiff brought this action on the common counts to recover balances claimed to be due upon four written contracts providing for representation of the defendant for different periods in "Best's Recommended Insurance Attorneys."  The contracts were identical in form and one of them, plaintiff's Exhibit A, is appended in the footnote.[1]  The answer of

---

[1] PLAINTIFF'S EXHIBIT A.
G. K.
Representation Contract for
Best's Recommended Insurance Attorneys
ALFRED M. BEST COMPANY
Incorporated
Home Office:
Best Building
75 Fulton Street, New York

| Chicago | Cleveland |
|---|---|
| Atlanta | Hartford |

[Insignia]
(Alfred M. Best Company, Inc., Best Service, New York)
All that the name implies
Acknowledged, 10/29/30
Copy Card, A. C. C.
Entered, R. Orme
Attorney Directory Sent,
News Stencil (F-C-L), M. P.
10/23, 1930.
We hereby contract for representation for 2 year, commencing 10/30 and expiring (1931-31 issue 9/32 in
(Month & Year)                    (Month & Year)

the defendant was a denial, and as a second defense, he alleged fraud and false representations in procuring the contracts. As a third defense, he alleged that the plaintiff was a foreign corporation and had transacted business in this State before filing a certified copy of its charter in the office of the secretary of state, had not appointed the secretary its attorney for the service of process upon it as required by General Statutes, §§ 3488 and 3489, and had failed to pay the fees required by § 3495 before instituting this action. General Statute, § 3491, provides that a foreign corporation

Best's Recommended Insurance Attorneys, for which we agree to pay the sum of $75.00, $37.50 yearly.

Sent

$37.50 Bill

$37.50 10/1/31

Classification

Casualty

Surety

The above sum includes subscription, for the term of this contract, to Best's Insurance News, Fire and Marine, Casualty and Surety and Life Editions.

Exclusive representation not acceptable.

It is agreed that Alfred M. Best Company, Inc., reserves the right, in its discretion, to reject any contract upon refund of the amount paid therefor, or to discontinue the same at any time, without notice, upon refund of the proportionate unearned amount paid, without any liability; it is further agreed that this contract shall constitute the entire agreement.

GOLDSTEIN & BETTIGOLE,

Name

New Haven, Conn.

Address

205 Church St.

Atty. 25 C-5-30-2519

H. Laurence Reinhardt

Approved:—Alfred M. Best Company, Inc., Representative

[Red circular stamp with initials A. S. in center]

[Over]

GOLDSTEIN & BETTIGOLE,

205 Church St.,

New Haven,

Conn.

may not bring suit on any of its contracts until it complies with the provisions of §§ 3488 and 3489. The defendant also filed a counterclaim asking reimbursement for the amounts paid upon the contracts. The case was tried to the court and judgment rendered for the defendant upon the ground that the plaintiff could not maintain an action in this State because of its failure to comply with the provisions of §§ 3488 and 3489.

From the finding of the court, with such corrections as the plaintiff is entitled to, the following material facts appear: The plaintiff is a New York Corporation with its principal place of business in New York City. It publishes various reports upon the financial condition and management of insurance companies. It also publishes monthly magazines and furnishes weekly bulletins and other services to its subscribers. It publishes various books of interest in the insurance field, among others one designated as "Best's Recommended Insurance Attorneys." This publication lists attorneys located in every part of the United States and is circulated throughout the country. The plaintiff had in its employ H. Laurence Reinhardt, an agent who traveled through the country soliciting attorneys for listing in this publication, and he executed with many attorneys contracts on a printed form identical with those executed with the defendant. In October, 1927, Reinhardt, as representative of the plaintiff, secured from the defendant a contract for listing in this publication, and in October, 1930, February, 1931, May, 1931, and September, 1931, he secured from the defendant four further contracts which are the ones in suit in the present case. The contracts in each case were signed at New Haven by the defendant and by Reinhardt as "Approved," a duplicate was left with the defendant and the original forwarded for accept-

ance to the plaintiff at its home office in New York, where it was stamped by the treasurer of the company, Arthur Schneider, with his initials, A. S., and a letter mailed to the defendant informing him that the contract had been accepted.

In 1930, Reinhardt acquired twelve contracts from attorneys in this State for listing in this publication and the corporation through another representative acquired eleven others, and for the years 1931-1936 inclusive the number of Connecticut attorneys listed in the publication ranged from twenty-three to twenty-nine. In most of the publications of the plaintiff there appeared upon the first white page and elsewhere in them the information that it maintained its home office in New York City, and branch offices at Chicago, Cleveland, Atlanta and Hartford, Connecticut. At Hartford there was an office and the plaintiff's name appeared upon the door; and, though the office was occupied by others, telephone calls for the plaintiff were received there and its name appeared in the telephone book. It nowhere appears in the finding that the plaintiff had any bank account, money or property in this State or that any business was carried on at its Hartford office other than in furtherance of the convenience of the company and its agents, or that it had any representative constantly in this State.

The question involved in this appeal is whether the plaintiff was "transacting business" in this State so as to bring it within the purview of General Statutes, §§ 3488, 3489 et seq. The trial court concluded that because the contracts were signed by both parties thereto in this State, and the plaintiff had an office at Hartford, it was doing business within the State and was subject to the provisions of our statutes requiring it to file a copy of its charter with the secretary of state and appoint the secretary as its agent for the service

of process, and pay the license fees required under our law. The only business which the plaintiff corporation transacted in this State was solicitation of contracts for the insertion of names in its publication printed without the State, and except for such solicitation all the business of the plaintiff was carried on outside the State. Each contract contained the provision that it constituted the entire agreement between the parties, and that the plaintiff in its discretion might reject any contract upon refund of the amount paid therefor or discontinue it at any time without notice upon refund of the proportionate unearned amount paid. The right of the plaintiff to reject the contract at its discretion and the facts that the contract called for its approval, that it was so approved, and that the defendant was notified of that approval show the intent of the parties to have been that the entire agreement was not to become effective until approved. The signing of the agreement was no more than an offer which ripened into a contract only when approved by the company. Had the defendant paid the agreed price, this would have been merely an incident to the offer. The unqualified right of the plaintiff to reject the contract prevented any legal right arising under it while it remained executory. *Gurfein* v. *Werbelovsky*, 97 Conn. 703, 707, 118 Atl. 32; 1 Williston, Contracts (Revised Ed.) § 43, p. 126. Consequently New York was the place where the last thing had to be done in order to make the agreement between the parties effective. The place of contract was New York. Restatement, Contracts, Vol. 1, § 74, and Connecticut Annot.; Restatement, Conflict of Laws, §§ 326, 331; *Eager Co.* v. *Burke*, 74 Conn. 534, 536, 51 Atl. 544; *Johnson County Savings Bank* v. *Walker*, 80 Conn. 509, 511, 69 Atl. 15; *Loveland* v. *Dinnan*, 81 Conn. 111, 114,

70 Atl. 634; *Supreme Colony* v. *Towne*, 87 Conn. 644, 646, 89 Atl. 264.

It is generally held that the soliciting of orders by traveling salesmen within a State where the orders so obtained are subject to acceptance or rejection by the corporation in another State, does not constitute transacting business within the first named State so as to subject the corporation to statutes prescribing conditions upon foreign corporations for doing business therein. *Pennsylvania-Dixie Cement Corp.* v. *Lines Co.*, 119 Conn. 603, 612, 178 Atl. 659; see Notes, 60 A. L. R. 994 and 101 A. L. R. 126. Nor does the fact that the plaintiff's name appeared upon the door of an office in Hartford and in the telephone book there, it not appearing that the office was used for any purpose other than the accommodation of agents and subscribers in communicating with the home office, subject the corporation to the operation of such laws. *Cheney Brothers Co.* v. *Massachusetts*, 246 U. S. 147, 153, 38 Sup. Ct. 295. In *People's Tobacco Co., Ltd.* v. *American Tobacco Co.*, 246 U. S. 79, 86, 38 Sup. Ct. 233, the Supreme Court of the United States, in discussing what constitutes the doing of business so as to make a corporation subject to service of process in a foreign State, used this language, "The question as to what constitutes the doing of business in such wise as to make the corporation subject to service of process has been frequently discussed in the opinions of this court, and we shall enter upon no amplification of what has been said. Each case depends upon its own facts. The general rule deductible from all our decisions is that the business must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers or agents present within the State or district where service is attempted.

*Philadelphia & Reading Ry. Co.* v. *McKibbin,* 243 U. S. 264 [37 Sup. Ct. 280]; *St. Louis Southwestern Ry. Co.* v. *Alexander,* 227 U. S. 218, 226 [33 Sup. Ct. 245]." We conclude, therefore, that the plaintiff corporation was not transacting business in this State so as to become amenable to the provisions of our statutes requiring the taking out of a license and filing a copy of its charter. As this disposes of the case it is unnecessary to consider the contention of the plaintiff that it was engaged in interstate commerce and, therefore, not subject to the operation of these provisions of our statutes.

It follows that there is error in the judgment. Inasmuch, however, as no facts appear in the finding in reference to the defense of fraud and from all that appears the defendant may have a valid defense upon that ground, the case should go back for a new trial.

There is error and a new trial is ordered.

In this opinion the other judges concurred.