[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants in this action have filed a "Motion to Dismiss and/or for Summary Judgment", contending that the plaintiff cannot maintain this action because it is a foreign corporation transacting business in this state without having a certificate of authority pursuant to Conn. Gen. Stat. 33-396, which is required under Conn. Gen. Stat. 33-412. The plaintiff denies that it is transacting business in this state and relies on Conn. Gen. Stat. 33-397, which identifies certain activities which a foreign corporation may conduct in Connecticut without being deemed to be transacting business in Connecticut.
The plaintiff is a Kentucky corporation which manufactures air filtration products. The plaintiff's products are sold in Connecticut principally through distributors, although there are some direct sales to customers. The defendant corporation was a distributor for the plaintiff. The plaintiff does not do any manufacturing in Connecticut. The plaintiff, does, however, have an office in Connecticut which serves as a base of operations for the plaintiff's Eastern Regional Sales Manager, who is responsible for a nine-state region consisting of all the New England states plus New York, Pennsylvania and Delaware. The office was opened in July 1990 and is located in Connecticut as a convenience to the sales manager, who resides in Connecticut. (The office was located in New York under the prior sales manager, who resided in New York). The office consists of a single room, ten feet square in size, and contains a desk, typewriter, fax machine, telephone and answering machine. The office is not staffed on a full-time basis; the sales manager is the only person who works in the office and he divides his time equally between being in the office and being on the road within the region. When he is on the road, he spends less than 10% of his time in Connecticut. The phone is answered by the answering machine when the sales manager is not in the office. All orders and contracts for the purchase of plaintiff's products are handled and approved in Kentucky and all payments for the plaintiff's products are sent to Kentucky.
The defendants point to the existence of the office, the employment of the sales manager and the sale by plaintiff to defendant of about $100,000. of plaintiff's products over a several-year period as evidence that the plaintiff conducts CT Page 10778 business in the state of Connecticut. There is no merit to the defendants' claim. Section 33-397 (b)(5) of the Connecticut General Statutes specifically states that "soliciting or procuring orders, whether by mail or through employees or agent or otherwise, where such orders require acceptance without this state . . ." is not to be considered transacting business in this state. This subsection appears to be a codification of the earlier case law that soliciting orders within the state where the orders are subject to acceptance outside the state does not constitute transacting business in Connecticut. See Alfred M. Best Co., Inc. v. Goldstein, 124 Conn. 597, 603 (1938); Pennsylvania-Dixie Cement Corporation v. Lines Co., 119 Conn. 603,613 (1935). The fact that the plaintiff has an office within the state does not change the result. The plaintiff in Alfred M. Best Co. also had an office within the state.
The defendants have failed to establish that the plaintiff transacts business within the state of Connecticut. Accordingly the "Motion to Dismiss and/or for Summary Judgment" is denied.
CHRISTINE S. VERTEFEUILLE, JUDGE