[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS # 101.00
Before the court in this matter is a motion to dismiss for lack of personal jurisdiction and insufficient service of process made by the defendant, Oriental World Trading Co., Ltd. (OWT). The plaintiffs, David P. Hoyt (Hoyt) and Hospitality Systems, Inc. (HSI) brought this breach of contract action to recover alleged commissions due to the plaintiff.[1] The defendant is a foreign corporation maintaining a principal place of business in Hong Kong. Hoyt, a New Hampshire resident was the sole shareholder of HSI, a New Hampshire corporation. The plaintiff and defendant agreed that HSI would locate customers for OWT in the United States and Canada, and OWT would find companies in Asia to manufacture products for those customers. OWT employed Jay Krokow (Krokow) from October 1, 1992 through September 30, 1997. Krokow worked out of an office located at his residence in Stamford, Connecticut. Krokow's function was to solicit and procure purchase orders from customers in the United States. Krokow routinely forwarded all of CT Page 1495 the purchase orders to OWT in Hong Kong for review and acceptance by the office located there.
This action arises out of a representation agreement entered into in 1994 (the "1994 Agreement") in which the plaintiff and the defendant agreed to split commissions earned from the sale of goods manufactured by companies identified by the defendant to customers. In or about June 1995, the plaintiff and defendant entered into an agreement, negotiated by Krokow, for the termination of the 1994 Agreement. In consideration for the plaintiff's forbearance from asserting claims for commissions under the 1994 Agreement and for recovery of the plaintiff's contribution to a development fund, the defendant offered and the plaintiff agreed to share profits on a specific group of sales. This action arises due to the plaintiff's claim that the defendant has failed to pay commissions due.
The plaintiff originally filed a complaint against OWT in the United States District Court for the District of New Hampshire. The court found that OWT lacked sufficient contacts with New Hampshire and dismissed the action. The plaintiff then commenced an action in this court. Subsequently, the defendant filed a motion to dismiss for lack of personal jurisdiction and insufficient service of process.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment,244 Conn. 296, 308 709 A.2d 1089 (1998). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citation omitted; internal quotation marks omitted.)Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000
(1988). "The grounds which may be asserted in [a motion to dismiss] are . . . lack of jurisdiction over the person CT Page 1496 [and] . . . insufficiency of service of process." Ziska v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985), citing Practice Book § 10-31.
"When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." Knipple v. Viking Communications,Ltd., 236 Conn. 602, 606, 674 A.2d 426 (1996). "If a challenge to the court's personal jurisdiction is raised by a defendant, either by a foreign corporation or by a nonresident individual, the plaintiff must bear the burden of proving the court's jurisdiction." (Internal quotation marks omitted.) Id., 608.
The portion of the Connecticut long-arm statute on which the plaintiff bases jurisdiction is General Statutes § 33-929 (e) which provides: "Every foreign corporation which transacts business in this state in violation of section 33-920 . . . shall be subject to suit in this state upon any cause of action arising out of such business." Section 33-920 provides in pertinent part that, "[a] foreign corporation . . . may not transact business in this state until it obtains a certificate of authority from the Secretary of State." Section 33-920 (b) enumerates various activities which do not constitute transacting business within § 33-920 (a).[2]
Section 33-929 (e) vests jurisdiction in this court "upon proof of two conditions: the transaction of business in this state, and a cause of action arising out of the transaction of such business." (Internal quotation marks omitted.) Wilkinson v. BoatsUnlimited, Inc., 236 Conn. 78, 86, 670 A.2d 1296 (1996). "The term `transacting business' is not broadly interpreted in Connecticut." Chemical Trading, Inc. v. Manufacture de ProduitsChimiques de Tournan, 870 F. Sup. 21, 23 (D. Conn. 1994). Among the activities enumerated in § 33-920 which do not constitute transacting business within the statute are "soliciting or obtaining orders, whether by mail or through employees or agents or otherwise, if the orders require acceptance outside this state before they become contracts." The Superior Court has interpreted this section as "a codification of the earlier case law that soliciting orders within the state where the orders are CT Page 1497 subject to acceptance outside the state does not constitute transacting business in Connecticut." Airguard Industries v. NewEngland Air Filters, Superior Court, judicial district of New Haven at New Haven, Docket No. 326415 (December 1, 1992,Vertefeuille, J.), citing Alfred M. Best Co., Inc. v. Goldstein,124 Conn. 597, 603, 1 A.2d 140 (1938); Pennsylvania Dixie CementCorporation v. Lines Co., 119 Conn. 603, 613, 178 A. 659 (1935). A review of the case law interpreting the phrase "transacting business" demonstrates that the defendant in the present case was not "transacting business" within the meaning of § 33-920 and is not subject to jurisdiction under § 33-929 (e).[3]
In Alfred M. Best Co., Inc. v. Goldstein, supra, 124 Conn. 597, the plaintiff, a foreign corporation, employed an agent to solicit attorneys throughout the United States for listing in its publication entitled, "Best's Recommended Insurance Attorneys." Id., 600. The agent secured contracts from the defendant for listing in the publication which were signed by the defendant at New Haven and by the agent as "Approved." Id. The original contracts were then forwarded to the home office in New York where they were stamped by the treasurer. Id., 601. A letter was subsequently mailed to the defendant informing him that the contract had been accepted. Id. The court noted that "[i]n most of the publications of the plaintiff there appeared upon the first white page and elsewhere in them the information that it maintained its home office in New York City, and branch offices at Chicago, Cleveland, Atlanta and Hartford, Connecticut. At Hartford there was an office and the plaintiff's name appeared upon the door; and, though the office was occupied by others, telephone calls for the plaintiff were received there and its name appeared in the telephone book." Id., 601. "The trial court concluded that because the contracts were signed by both parties thereto in this State, and the plaintiff had an office at Hartford, it was doing business within the State and was subject to the provisions of our statutes requiring it to file a copy of its charter with the secretary of state . . ." Id., 601. In overruling the trial court, the Supreme Court stated: "It is generally held that the soliciting of orders . . . where the orders so obtained are subject to acceptance or rejection by the corporation in another State, does not constitute transacting business within the first named State so as to subject the corporation to statutes prescribing conditions upon foreign corporations for doing business therein." Id., 603. Thus, despite the presence of the corporation in Connecticut, including an office and telephone listing and the corporation's publication that it had a branch office in Hartford, Connecticut, CT Page 1498 the court held that the corporation's activities did not amount to "transacting business" in Connecticut. Id.
In Airguard Industries v. New England Air Filters, supra, Superior Court, Docket No. 326415, the court found that a foreign corporation was not transacting business within the meaning of § 33-397 and stated: "The [corporation] does not do any manufacturing in Connecticut. The [corporation], does, however, have an office in Connecticut which serves as a base of operations for the plaintiff's Eastern Regional Sales Manager, who is responsible for a nine-state region consisting of all the New England states. . . . The office . . . is located in Connecticut as a convenience to the sales manager, who resides in Connecticut. . . . The office consists of a single room, ten feet square in size, and contains a desk, typewriter, fax machine, telephone and answering machine." Id. The court further found that "the existence of the office, the employment of the sales manager and the sale by [the corporation] to the defendant of about $100,000 of [the corporation's] products over a several year period" did not constitute "transacting business." Id. The court stated specifically that, "[t]he fact that the plaintiff has an office within the state does not change the result. The plaintiff in [Alfred M. Best Co., Inc. v. Goldstein, supra,124 Conn. 597] also had an office within the state." Id. Thus, despite the presence of an office, telephone, answering machine and fax machine, the court held that the corporation's activities did not amount to "transacting business" in Connecticut.
Given the foregoing case law interpreting the statutory phrase "transacting business" as it appears in General Statutes §33-920 and its predecessors, the court finds that the defendant's presence in Connecticut did not amount to "transacting business" and is specifically encompassed by one of the enumerated exceptions to "transacting business" in § 33-920 (b)(6), "soliciting or obtaining orders, whether by mail or through employees or agents or otherwise, if the orders require acceptance outside this state before they become contracts." The plaintiff has not pleaded any facts to show that the defendant's actions in Connecticut amount to "transacting business" as stated in the statute that the plaintiff relies upon for jurisdiction over the defendant, § 33-929 (e). Although the plaintiffs place great emphasis on the fact that an office was located in Connecticut, this fact is not dispositive. Indeed, just as inAirguard Industries v. New England Air Filter, supra, Superior Court, Docket No. 326415, it is logical to assume that the CT Page 1499 office's Connecticut location in Krokow's home was a convenience to Krokow, a Connecticut resident. See Alfred M. Best Co., Inc.v. Goldstein, supra, 124 Conn. 597. Additionally, in its memorandum, the plaintiff maintains that, "[t]he term `transacts any business' has been construed to embrace `a single purposeful business transaction.'" As stated previously in this memorandum, the Supreme Court has held that the phrase "transacts business" is not synonymous with "transacts any business." See Zartolas v.Nisenfeld, supra, 184 Conn. 476 n. 4.
Furthermore, jurisdiction under General Statutes § 33-929
(e) requires not only that the corporation transact business in Connecticut but also that the cause of action arises out of the transaction of such business. See Wilkinson v. Boats Unlimited,Inc., supra, 236 Conn. 86. "Any cause of action arising out of [the transaction of] such business requires some showing that the present litigation bears some connection with the business conducted by the foreign corporation in this state." (Internal quotation marks omitted.) Lombard Bros., Inc. v. General AssetManagement Co., 190 Conn. 245, 243, 460 A.2d 481 (1983). The affidavit of John Croucher, director of OWT, stated the following: "Pursuant to the Representation Agreement, the Plaintiffs were compensated on a commission basis. The commissions were paid directly, most often via wire-transfer, from OWT in Hong Kong to the Plaintiffs in New Hampshire, U.S.A. None of the purchase orders procured by the Plaintiff pursuant to the Representation Agreement were for customers located in Connecticut, and none of the orders called for shipment of goods into Connecticut. As with the purchase orders procured by Mr. Krokow, every purchase order produced by the Plaintiffs pursuant to the Representation Agreement required review and final acceptance by an OWT director in Hong Kong." General Statutes § 33-929 (e) affords the plaintiff no jurisdictional base in the absence of allegations that the plaintiff's cause of action arose out of the defendant's transaction of business in Connecticut. See Lombard Bros., Inc. v. General Asset ManagementCo., supra, 190 Conn. 253.
Additionally, the defendant argues that service by registered mail upon OWT, a Hong Kong corporation, was not in accordance with the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Commercial matters (the "Hague Convention"). General Statutes § 52-59d (a) provides that "[n]otwithstanding any provision of the general statutes relating to the service of process, civil process shall not be served CT Page 1500 outside of the United States of America in violation of any applicable treaty or convention, including without limitation, the Hague Convention on Service of Process abroad." The defendant asserts that both the United States and Hong Kong (as a special administrative region of the People's Republic of China) are parties to the Hague Convention and must follow the procedure for service of process outlined in Articles 2, 3, 4 and 5. The plaintiff argues that service via registered mail complies with Article 10(a) which states: "Provided the State of destination does not object, the present Convention shall not interfere with the freedom to send judicial documents, by postal channels, directly to persons abroad. . . ."
There has not been consistent case law on whether "the freedom to send judicial documents" encompasses service of process on a foreign defendant. See Ackerman v. Levine, 788 F.2d 830, 839 (2d Cir. 1986). In Ackerman v. Levine, supra, the court held that "[s]ince the United States has made no objection to the use of `postal channels' under Article 10(a), service of process by registered mail remains an appropriate method of service in this country under the Convention." Id., 839. Additionally, in Hayesv. Evergo Telephone Co., Ltd. 397 S.E.2d 325 (N.C.App. 1990), the court concluded that "service of process via international mail . . . was in conformity with the provisions of the Hague Convention." Id., 328. The court stated: "We find particularly compelling the fact that, unlike Japan, Hong Kong has not objected to any portion of Article 10 and apparently the internal law of Hong Kong permits service of process through the mail."
Despite the foregoing, this court will follow the line of cases in the Connecticut Superior Court that have held that service of process upon a corporation by certified or registered mail does not comply with Article 10(a) of the Hague Convention. Downes v.Ryobi America Corporation, Superior Court, judicial district of Danbury, Docket No. 311959 (March 12, 1993, Fuller, J.). See alsoMontalvo v. Nutmeg Foods, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 22651 (June 24, 1987,Harrigan, J.) (court held that, "Article 10(a) does not provide an alternative means to `effect service' but merely allows judicial papers to be mailed to a person in another country . . . but not to `effect service'. . . .); Cardillo v. France KIS, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 084909 (October 22, 1987, Cioffi, J.) (court held, "the phrase `send judicial documents' does not encompass service of process.") CT Page 1501
Accordingly, the defendant's motion to dismiss for lack of personal jurisdiction and improper service of process is granted.
KARAZIN, J.