[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In a complaint dated November 17, 2000, the plaintiff, Resource Systems Group, Inc., brought this breach of contract action against the defendant, Internetcash Corporation, d/b/a Spendcash Corporation, a/k/a Spendcash.com. The plaintiff's complaint alleges the following pertinent facts: The plaintiff is a Connecticut corporation maintaining its principal place of business in Stamford, and engaging in the search for and placement of high level information technology executives. The defendant is, "upon information and belief, a Delaware corporation which maintains a place of business. . . . in New York, New York." In October of 1999, the plaintiff and the defendant or its agents or servants entered into a recruiting services agreement (the agreement) "at [the] plaintiff's place of business in Connecticut whereby the plaintiff was to provide executive search services to the defendant." The plaintiff has fully performed its obligations under the agreement and has been damaged because the defendant has failed to pay the balance due under the agreement.
On January 19, 2001, pursuant to Practice Book § 10-30, the defendant filed a motion (#101) to dismiss the action on the ground that the court lacks personal jurisdiction over the defendant. The defendant contends that it neither transacted business in the state of Connecticut nor acted in a manner sufficient to subject it to long-arm jurisdiction.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). A motion to dismiss may CT Page 7402 be used to assert lack of jurisdiction over the person. Practice Book § 10-31(a)(2). "A defendant may contest the personal jurisdiction of the court even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." (Internal quotation marks omitted.) Brunswick v. InlandWetlands Commission, 222 Conn. 541, 551, 610 A.2d 1260 (1992); see alsoKnipple v. Viking Communications, 236 Conn. 602, 605-06, 674 A.2d 426
(1996).
"It is well established that in ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Brackets omitted; internal quotation marks omitted.) LawrenceBrunoli, Inc. v. Branford, 247 Conn. 407, 410-11, 722 A.2d 271 (1999). Furthermore, "[t]he motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Internal quotation marks omitted.) Barde v. Board of Trustees,207 Conn. 59, 62, 539 A.2d 1000 (1988).
"When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." (Internal quotation marks omitted.) Knipple v. Viking Communications, Ltd., supra, 236 Conn. 606. "If a challenge to the court's personal jurisdiction is raised by a defendant, either by a foreign corporation or by a nonresident individual, the plaintiff must bear the burden of proving the court's jurisdiction."[1] Id., 607.
The defendant argues that the plaintiff cannot satisfy its burden of proving long-arm jurisdiction as the plaintiff has alleged no basis for personal jurisdiction. The defendant asserts that it is not a domiciliary of Connecticut, is not incorporated in Connecticut, is not registered to transact business as a foreign corporation, and does not maintain employees, agents or facilities in Connecticut. Furthermore, the defendant argues that this court cannot exercise in personam jurisdiction over it as a foreign corporation because the plaintiff neither alleges that the defendant transacted business in violation of General Statutes CT Page 7403 § 33-920[2] nor refers to Connecticut's long-arm statutes. Finally, the defendant contends that its actions are insufficient to support jurisdiction under any provision of General Statutes §33-929(f),[3] the Connecticut long-arm statute which provides that a foreign corporation is subject to suit in this state under any one of a variety of circumstances.
In opposition, the plaintiff argues that the actions of the defendant as alleged in the complaint are sufficient to confer jurisdiction under General Statutes § 33-929(f).[4] The plaintiff maintains that the agreement between the parties was made in Connecticut and was to be performed in Connecticut and, therefore, this court has jurisdiction over the defendant pursuant to General Statutes § 33-929(f)(1). Furthermore, the plaintiff contends that the defendant has repeatedly solicited business in Connecticut by mail or otherwise and therefore, this court's jurisdiction over the defendant is conferred by §33-929(f)(2). Finally, the plaintiff argues that the defendant sells its products through dealers at retail locations within the state of Connecticut and that given such a course of conduct, the defendant could reasonably expect to be haled into court in this state, pursuant to § 33-929(f)(3).
 I. Jurisdiction Under the State Long-Arm Statute A. Contract Formation in Connecticut Pursuant to General Statutes § 33-929(f)(1)
In determining whether jurisdiction is proper under General Statutes § 33-929(f)(1), the plaintiff must initially establish, prima facie, that a contract existed and that the contract was either made in Connecticut or was to be performed in Connecticut, within the meaning of that statute. Connecticut courts have determined that "[a] contract is made when and where the last thing is done which is necessary to create an enforceable agreement." Thornton Co., Inc. v. Pennsak, Inc., Superior Court, judicial district of New Britain, Docket No. 490607 (November 20, 1998, Robinson, J.) (23 Conn.L.Rptr. 532); see alsoPettey v. Group 44, Docket No. 067705, Superior Court, judicial district of Litchfield (February 26, 1996, Pickett, J.) (same). "The seminal case construing the language of the statute that preceded General Statutes § 33-929(f)(1) determined that the place that the contract is made is where the final signature is placed on the contract. It is the acceptance of an offer made." See Liberty Aircraft v. Atlanta Jet, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 428927 (October 10, 2000, Munro, J.) (29 Conn.L.Rptr. 398), discussing AlfredM. Best Co., Inc. v. Goldstein, 124 Conn. 597, 602-3, 1 A.2d 140
(1938). Thus, in Liberty Aircraft v. Atlanta Jet, Inc., supra, 29 CT Page 7404 Conn.L.Rptr. 398, the court explained: "[H]ere, the defendant had the right to reject the terms of the agreement bearing the signature of plaintiff's attorney. That which made it a contract effective between the parties was the signing by the defendant's representative. That act was done in Georgia. Therefore, the place of contract was Georgia, not Connecticut." Id.
In this case, the plaintiff argues that this court has jurisdiction over the defendant pursuant to General Statutes § 33-929(f)(1) because the agreement between the parties was formed in Connecticut. The plaintiff asserts that the proposed agreement was mailed to the defendant in New York and signed by the defendant on October 15, 1999, and thereafter that the agreement was returned by mail to the plaintiff in Connecticut where it was accepted and signed by the plaintiff on October 19, 1999.[5] The defendant counters that the agreement or contract at issue in this case was not made in Connecticut,[6] and that even if this court concludes that it was, an invocation of the long-arm statute in this case would offend due process. The defendant does not, however, contradict or dispute the plaintiff's assertion that an officer of the plaintiff executed the contract in Connecticut. In fact, in an affidavit submitted by the defendant to this court, the defendant's controller, Thomas McDonagh, attests that "[t]he contract which is the subject of this litigation . . . was transmitted from and to [the plaintiff] by mail from [the defendant's] office in New York."
The signing of the agreement by the plaintiff in Connecticut made the agreement a contract between the parties. The parties do not dispute that the final act of signing was done by the plaintiff in Connecticut. Consequently, the agreement between the parties was a "contract made in this state," within the meaning of General Statutes § 33-929(f)(1). Accordingly, the plaintiff has sustained its burden of demonstrating that the applicable long-arm statute, General Statutes § 33-929(f)(1), authorizes the assertion of jurisdiction over the defendant.
 B. Contract Performance in Connecticut Pursuant to General Statutes § 33-929(f)(1)
The parties additionally dispute whether the agreement between the parties was "to be performed in this state," within the meaning of General Statutes § 33-929(f)(1). In order to satisfy this provision of §33-929(f)(1), the agreement serving as the basis for jurisdiction must contemplate or encompass some performance in Connecticut, but that performance does not need to be by the defendant. The phrase "to be performed in this state" does not require performance in this state by the party over whom jurisdiction is sought. Integrated Corporate Relations,Inc. v. Zoggle.com, Inc., Superior Court, judicial district of Fairfield CT Page 7405 at Bridgeport, Docket No. 376468 (December 11, 2000, Melville, J.); see also Gamlestaden PLC v. Lindholm, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 130058 (February 28, 1996,Karazin, J.) ("[T]he language of § 33-411(c)(1) [now §33-929(f)(1)] does not expressly require contemplated performance in this state by the party over whom jurisdiction is sought.) It has been held that jurisdiction is appropriate where the contract in question contemplated and required performance in this state by the plaintiff.Advanced Claims Service v. Franco Enterprises, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 374548 (October 13, 2000, Melville, J.) (foreign defendant's contract which contemplated substantial performance of investigative services by plaintiff in Connecticut sufficiently satisfied long-arm statutory requirements of § 33-929(f)(1)); see also IDV North America v. Illva Saronno,S.P.A., Superior Court, judicial district of Hartford at Hartford, Docket No. 058059 (September 9, 1999, Teller, J.); Thornton Co., Inc. v.Pennsak, Inc., Superior Court, judicial district of New Britain, Docket No. 490607 (November 20, 1998, Robinson, J.) (23 Conn.L.Rptr. 532, 534); Merrick v. Sandair Nevada, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345327 (April 7, 1998, Stodolink,J.) (21 Conn.L.Rptr. 600, 601).
In this case, the plaintiff argues that this court's jurisdiction over the defendant is authorized by General Statutes § 33-929(f)(1) because the agreement between the parties required substantial performance in Connecticut.[7] The plaintiff asserts that the agreement called for recruitment services and as such, it involved the plaintiff's proprietary candidate database and search methodology as well as its network of industry contacts, all of which is contained in, and accessible from, the plaintiff's principal place of business in Connecticut. In support of the plaintiff's arguments, the plaintiff offers the affidavit of Carol Bell, an officer of the plaintiff corporation, who attests that all executive search functions required to fulfill the plaintiff's contractual obligations to the defendant were performed from the plaintiff's business premises in Connecticut. The defendant, in turn, argues that all its actions taken under the agreement were performed in New York. Moreover, in an affidavit submitted to this court by the defendant, the defendant attests that the person ultimately hired by the defendant through the plaintiff's services was interviewed in New York and was hired to work at the defendant's New York facility. The defendant does not contest the plaintiff's assertion that the agreement between the parties called for performance by the plaintiff in Connecticut.
This present case is similar to Advanced Claims Service v. FrancoEnterprises, supra, Superior Court, Docket No. 374548, and, therefore, CT Page 7406 this court similarly concludes that "the plaintiff was to perform . . . services in Connecticut. Consequently, [the defendant] entered into a contract which contemplated substantial performance, albeit by the plaintiff, in this state. This is sufficient to satisfy the long-arm statutory requirements of § 33-929(f)(1) for establishing personal jurisdiction over [the defendant]." Id.; see also Flight Services Group,Inc. v. Asprey Leasing, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 336870 (December 2, 1997, Melville,J.); Thornton Company, Inc. v. Pennsak, Inc., Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 490607 (November 20, 1998, Robinson, J.) (23 Conn.L.Rptr. 532, 535); Seniorv. American Institute For Foreign Study, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 139183 (February 7, 1996, Karazin, J.). Accordingly, this court finds that the agreement between the parties was "to be performed in this state" within the meaning of § 33-929(f)(1) and that the statute authorizes the assertion of jurisdiction over the defendant.
Because § 33-929(f)(1) provides a sufficient basis for the exercise of personal jurisdiction over the defendant, the court need not address whether jurisdiction is also appropriate under the other subparagraphs of § 33-929. Accord Advanced Claims Service v. Franco Enterprises, supra, Superior Court, Docket No. 374548.
 II. Jurisdiction Under Constitutional Standard of Due Process
Having determined that jurisdiction may be exercised pursuant to §33-929(f)(1), this court must next determine whether the exercise of jurisdiction over the defendant would violate constitutional principles of due process. Knipple v. Viking Communications, supra, 236 Conn. 606. It must be determined whether the nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Thomason v. Chemical Bank, 234 Conn. 281, 287, 661 A.2d 595
(1995), citing International Shoe Co. v. Washington, 326 U.S. 310, 316,66 S.Ct. 154, 90 L.Ed. 95 (1945). "The twin touchstones of due process analysis under the minimum contacts doctrine are foreseeability and fairness. `[T]he foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" United States Trust Co. v. Bohart, 197 Conn. 34, 41, 495 A.2d 1034
(1985), quoting World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286,287, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
"The specific facts of each case necessarily determine the outcome of a minimum contacts analysis." United States Trust Co. v. Bohart, supra, CT Page 7407197 Conn. 42. "It is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462,475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). However, "jurisdiction in these circumstances may not be avoided merely because the defendant did not physically enter the forum State. . . . So long as a commercial actor's efforts are `purposefully directed' toward residents of another State, [our Supreme Court has] . . . consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there." Id., 476. Moreover, it is not the quantity of contacts that determine the satisfaction of the minimum contacts analysis, rather it is the quality of the contact or contacts. International Shoe Co. v.Washington, supra, 326 U.S. 319. As a result, a sole contract with a state may satisfy the due process requirement of minimum contacts. SeeBurger King Corp. v. Rudzewicz, supra, 471 U.S. 475 n. 18.
Furthermore, "[e]ither `specific' jurisdiction or `general' jurisdiction can satisfy the constitutional requirement of sufficient minimum contacts between the defendant and the forum." Thomason v.Chemical Bank, supra, 234 Conn. 288. A state can exercise "specific jurisdiction" over a defendant when the suit in question arises out of or relates to the defendant's contacts with the forum. HelicopterosNacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414, 104 S.Ct. 1868,80 L.Ed.2d 404 (1984). A state can exercise "general jurisdiction" over a defendant when, though the suit in question does not arise out of or relate to the defendant's contacts with the forum, such contacts are "continuous and systematic." Id., 414, 416.
In the present case, applying these standards, there is a basis for exercising specific jurisdiction over the defendant since this case arises out of and relates to the defendant's contacts with the state. Specifically, this action arises out of and relates to the defendant's agreement or contract which was made in Connecticut with a Connecticut plaintiff and which called for performance in Connecticut. The defendant thereby purposefully availed itself of the privilege of conducting activities within this state, invoking the benefits and protections of its laws.
Furthermore, the defendant's contacts with the plaintiff in Connecticut were sufficiently substantial for it to have reasonably anticipated being sued in Connecticut. The plaintiff has presented facts that show that the defendant knew it was contracting with a Connecticut corporation which would perform services for it in Connecticut. For example, the agreement between the parties clearly states that the plaintiff is located in Connecticut and that no other firms would be involved in the plaintiff's CT Page 7408 performance of its obligations under the agreement. The defendant itself concedes that it transmitted the agreement by mail from New York to the plaintiff in Connecticut. Moreover, the defendant made telephone calls and had other correspondence with the plaintiff in Connecticut. These purposeful contacts are sufficient to justify the exercise of personal jurisdiction over the defendant. See Salisbury Group v. Alban Institute, Superior Court, judicial district of Litchfield, Docket No. 070036 (July 3, 1996, Pickett, J.) (minimum contacts requirements met when plaintiff was hired by defendant foreign corporation, which never came to Connecticut, to do nationwide search primarily from Connecticut); Seniorv. American Institute For Foreign Study, supra, Superior Court, Docket No. 139183 (defendant could reasonably expect to be sued in Connecticut when it knowingly contracted with Connecticut company to perform services in Connecticut); Charlup v. Omnicorp Holdings, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 121184 (August 24, 1993, Nigro, J.) (fact that defendant sent faxes, paychecks, correspondence and made telephone calls to Connecticut supported finding of jurisdiction); see also Thorton Company, Inc. v. Pennsak, Inc., supra, 23 Conn.L.Rptr. 532.
Jurisdiction over the defendant corporation is proper as the threshold requirement of minimum contacts with Connecticut is satisfied and jurisdiction over the defendant on the basis of its contacts would not be unfair. See Burger King Corp. v. Rudzewicz, supra, 471 U.S. 477-78. Accordingly, the defendant's motion to dismiss is denied.
So Ordered.
Dated at Stamford, Connecticut, this 12th day of June, 2001.
William B. Lewis, Judge T.R.